PEOPLE v CUELLER

1. CRIMINAL LAW—PLEA OF GUILTY—MAXIMUM SENTENCE—INFORM-
   ING DEFENDANT—COURT RULES.

   A defendant pleading guilty to a criminal charge must be in-
   formed of the maximum sentence possible on the charge (GCR
   *1963,* 785.7[1][b]).

2. CRIMINAL LAW—PLEA OF GUILTY—MAXIMUM SENTENCE—POSSIBLE
   FINE—INFORMING DEFENDANT—APPEAL AND ERROR—COURT
   RULES.

   The rule requiring a judge at a plea-taking hearing to fully
   inform a defendant of the maximum sentence possible on a
   charge before the defendant pleads guilty to the charge does
   not require the judge to inform the defendant of all sentence
   consequences; therefore, it was not reversible for a trial judge
   to inform a defendant only of the maximum number of years to
   which he could be sentenced and not inform the defendant of a
   possible alternative $2,500 fine before accepting the defendant's
   guilty plea (GCR 1963, 785.7[1][b]).

Appeal from Bay, John X. Theiler, J. Submitted
November 5, 1976, at Grand Rapids. (Docket No.
28485.) Decided December 10, 1976.

Johnny Cueller was convicted, on his plea of
guilty, of entering, without breaking, with intent
to commit the crime of larceny. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Eugene C. Penzien,*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 489, 490.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

Prosecuting Attorney, and *Brian M. Kennedy,* Assistant Prosecuting Attorney, for the people.

*Patrick D. Brady,* for defendant.

Before: Bronson, P. J., and J. H. Gillis and V. J. Brennan, JJ.

V. J. Brennan, J. On November 25, 1975, defendant Johnny Cueller pled guilty before Bay County Circuit Judge John X. Theiler to a charge of entering, without breaking, with intent to commit the crime of larceny, contrary to MCLA 750.111; MSA 28.306. The plea was entered pursuant to a plea bargain where prosecution agreed to a nolle prosequi on an original charge of breaking and entering, contrary to MCLA 750.110; MSA 28.305, in exchange for defendant's plea on the reduced charge through an amended information. After examination by the court, the plea was accepted. On December 22, 1975, defendant was sentenced to a term of three to five years at Jackson Prison.

On appeal, defendant argues that reversible error occurred when the trial court failed to inform him of the possible $2,500 fine incident to conviction on the charged offense.

The Michigan Supreme Court has stated that a defendant pleading guilty under GCR 1963, 785.7(1)(b), in effect at the time of trial in this case, must be informed of the maximum sentence possible on the pleaded charge. *Guilty Plea Cases,* 395 Mich 96, 117–118; 235 NW2d 132 (1975). The trial court did inform defendant that the charge to which he pled carried a possible five-year prison term. However, he did not inform him of the possible fine of $2,500.

We find no reversible error. In the *Guilty Plea*

*Cases,* the Court was confronted with a similar problem:

"In *Hord,* the judge informed the defendant that by pleading guilty to robbery armed he subjected himself to a possible sentence of 'up to life' but did not advise him that he could not be placed on probation. A person convicted of armed robbery is subject to a sentence of life or any term of years (MCLA 750.529; MSA 28.797), and may not be placed on probation (MCLA 771.1; MSA 28.1131).

"The rule does not require the judge to inform the defendant of all sentence consequences—only the maximum sentence, any mandatory minimum and, as appears below, if he is on probation or parole, the possible effect on his status as a probationer or parolee." *Guilty Plea Cases, supra,* at 118.

We feel that defendant in this case was also adequately apprised of the maximum sentence on the charged offense. We cannot help but note as well that no fine was imposed, and so can find no prejudice in this case. If error there was, the error must be deemed harmless. *People v Christensen,* 64 Mich App 23, 32; 235 NW2d 50 (1975), *People v Robinson,* 386 Mich 551, 563; 194 NW2d 709 (1972). We decline to reverse.

Affirmed.