## PEOPLE v NICKERSON

Docket Nos. 77-2811, 77-2357. Submitted January 7, 1980, at Detroit.
—Decided April 3, 1980.

Richard Nickerson was convicted, on his plea of guilty, of conspiracy to deliver heroin, Recorder's Court of Detroit, Joseph A. Gillis, J. The defendant was sentenced to five years of probation, with the first six months to be served in the Detroit House of Correction. A fine of $20,000 and probation costs of $1,040 were also assessed, to be paid at the rate of $500 per month, commencing upon defendant's release from Detroit House of Correction. At a probation revocation hearing in 1976, the trial court revoked the defendant's probation for his nonpayment of the fine and continued drug use and sentenced him to 10 to 20 years in prison. The defendant appealed and the Court of Appeals reversed and remanded for a new revocation hearing. (Docket No. 28350, April 1, 1977 [unreported]). At the revocation hearing on remand, the defendant's probation was revoked for his failure to cooperate with the probation department by not discontinuing his drug use. The defendant was sentenced to a term of 9 to 20 years in prison. The defendant appeals his conviction by leave granted and as of right from the second revocation of his probation, alleging that, with respect to the underlying plea, the trial court erred reversibly in failing to fulfill the plea agreement since the $20,000 fine was never mentioned until the time of sentencing. *Held:*

1. The record unambiguously shows that the only agreement mentioned at the time that the defendant's plea was taken involved a sentence of five years of probation with the first six months in the Detroit House of Correction. The fine was outside the scope of the plea agreement, entitling the defendant

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 491.5.

[2] 21 Am Jur 2d, Criminal Law §§ 487, 489.

Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

[3] 21 Am Jur 2d, Criminal Law §§ 492, 494.1.

[4] 16 Am Jur 2d, Conspiracy §§ 2, 10, 13.

to reversal of his conviction. The defendant may now withdraw his plea.

2. An independent ground for reversal involves the trial court's failure to comply with the language of the court rule governing the defendant's plea proceeding in 1975. The governing court rule, at that time, required the plea-taking court to inform the defendant of the maximum sentence for the offense to which the plea was being offered. Since the fine was statutorily mandated, the failure to inform the defendant of the maximum consequences of the plea was reversible error.

3. The court rules require that a sufficient factual basis be elicited to support the defendant's plea. In the instant case, there was an insufficient factual basis to support the conspiracy charge.

Reversed and remanded to allow the defendant an opportunity to withdraw his guilty plea.

1. Criminal Law — Plea of Guilty — Unfulfilled Bargains — Withdrawal of Plea.

A defendant's plea-based conviction should be reversed and the defendant should be allowed to withdraw his guilty plea if promises of leniency in sentencing, made in exchange for the guilty plea, are not fulfilled; in the alternative the promise should be specifically enforced; the defendant's choice of remedy is to be accorded considerable weight.

2. Criminal Law — Plea of Guilty — Informing Defendant of Maximum Sentence — Court Rules.

Former language in a court rule governing the acceptance of guilty pleas required the trial court to inform a defendant of the maximum sentence for the offense to which the plea was being offered, not just the maximum *prison* sentence; thus, in a case where the former language was applicable, it was reversible error for the trial court to fail to inform the defendant that the maximum possible sentence included a $20,000 fine, as well as a term of imprisonment (GCR 1963, 785.7[1][b], as in effect in 1975).

3. Criminal Law — Plea of Guilty — Factual Basis.

A sufficient factual basis must exist to show that a defendant might be convicted at a trial before the defendant's plea of guilty may be accepted by the judge at a plea-taking session.

4. Conspiracy — Unlawful Agreement — Intent — Inferences.

The gist of the crime of conspiracy is an unlawful agreement; there must be a showing of an intent to conspire and an intent

to commit a substantive offense; charges of conspiracy cannot be made out by piling inference upon inference.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert E. Edick* and *Robert A. Reuther,* Assistant Prosecuting Attorneys, for the people.

*Ellen C. Wallaert* and *George C. Dovas,* for defendant on appeal.

Before: R. M. MAHER, P.J., and M. F. CAVANAGH and CYNAR, JJ.

PER CURIAM. The defendant appeals by leave granted from his plea-based conviction on July 17, 1975, for conspiracy to deliver heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a) and MCL 750.157a; MSA 28.354(1). Defendant was sentenced on September 5, 1975, to five years of probation, with the first six months to be served in the Detroit House of Correction. A fine of $20,000 and probation costs of $1,040 were also assessed, to be paid at the rate of $500 per month commencing upon defendant's release from Detroit House of Correction.

A notice of probation violation dated March 16, 1976, alleged that defendant had violated the terms of his probation by nonpayment of the fine and by continued use of drugs. On March 26, 1976, the trial court revoked defendant's probation and sentenced him to a term of 10 to 20 years in prison. The basis for revocation was defendant's failure to pay the assessment and fine at the rate of $500 per month. The Court reversed the trial court's decision in an unpublished per curiam

opinion,[1] since there was no evidence of defendant's ability to pay. The case was remanded for a new revocation hearing, which was held on April 22, 1977. At this time, the trial court revoked defendant's probation for failure to cooperate with the probation department by not discontinuing his drug use. The defendant was sentenced to a term of 9 to 20 years in prison, and appeals as of right from his second probation revocation.

Since we find that our decision concerning defendant's underlying plea is dispositive, we need not reach the defendant's allegations of error with respect to the probation revocation hearing.

With respect to the underlying plea, defendant contends that the trial court erred reversibly in failing to fulfill the plea agreement since the $20,000 fine was never mentioned until the time of sentencing. The record unambiguously shows that the only agreement mentioned at the time that defendant's plea was taken involved a sentence of five years' probation with the first six months to be served in the Detroit House of Correction.

The rule is well-established that if promises of leniency in sentencing which are made in exchange for a guilty plea are not fulfilled, the conviction will be reversed and the defendant will be allowed to withdraw the plea, or else the promise will be specifically enforced. *In re Valle,* 364 Mich 471, 478; 110 NW2d 673 (1961), *People v Stevens,* 45 Mich App 689, 692; 206 NW2d 757 (1973), *People v Baker,* 46 Mich App 495; 208 NW2d 220 (1973), *People v Eck,* 39 Mich App 176; 197 NW2d 289 (1972). The defendant's choice of remedy is to be accorded considerable weight. *People v Stevens, supra.*

---

[1] *People v Nickerson* (Docket No. 28350, decided April 1, 1977 [unreported]).

We find that the trial court's imposition of a $20,000 fine was outside the scope of the plea agreement, entitling defendant to reversal of his conviction. Defendant may now withdraw his plea.

An independent ground for reversal involves the trial court's failure to comply with GCR 1963, 785.7(1)(b), which was in effect in 1975, which required the trial court to inform a defendant of the maximum sentence for the offense to which the plea is offered.[2] Since the fine was statutorily mandated, the failure to inform defendant of the maximum consequences of his plea is reversible error. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).[3]

Finally, we find that the trial court failed to elicit a sufficient factual basis to support the defendant's plea, as required by GCR 1963, 785.7(3)(a). In the *Guilty Plea Cases, supra,* the Court states that a sufficient factual basis must exist to show that the defendant might have been convicted at trial.

In *People v McCracken,* 88 Mich App 286, 295; 276 NW2d 609 (1979), this Court stated: "The gist of conspiracy is an unlawful agreement. There must be a showing of an intent to conspire and an intent to commit the substantive offense * * *. Charges of conspiracy cannot be made out by piling inference upon inference."

---

[2] We note that in its present form, GCR 1963, 785.7(1)(b) only requires the trial court to inform defendant of the maximum possible *prison* sentence for the offense. Apparently, under the present rule, the failure to mention the possibility of a fine would not be erroneous. However, this would not change our holding in the instant case, since a trial court could not validly impose a fine where there is a sentence bargain without informing the defendant about the fine prior to accepting his plea.

[3] We distinguish *People v Cueller,* 73 Mich App 88; 250 NW2d 553 (1976), where the Court decided that any error in failing to inform defendant of a possible $2,500 fine was harmless because there was no fine imposed.

In *People v Atley,* 392 Mich 298; 220 NW2d 465 (1974), the Court stated that an agreement to sell marijuana could not be inferred from the fact that the parties jointly harvested and possessed 127 pounds of marijuana, even though at least one of the defendants had intended to sell the marijuana. The Court said that acquisition of 127 pounds of marijuana would support an inference of an intent to sell, but could not support the "inference upon an inference" of an agreement to sell, which is the essence of conspiracy.

In the instant case, the defendant's statements were sufficient to establish that defendant was a middleman or supplier to another supplier, but there is no evidence that defendant agreed to aid the purchaser in delivering to a third person. Thus, there was an insufficient factual basis to support the conspiracy with which defendant was charged.

Reversed and remanded to allow the defendant an opportunity to withdraw his guilty plea.