PEOPLE v PENN

Docket No. 51181. Submitted November 14, 1980, at Detroit.—Decided
    January 6, 1981.

    William Penn pled guilty to second-degree murder pursuant to a
    plea-bargain agreement and was sentenced to life imprison-
    ment, St. Clair Circuit Court, Halford I. Streeter, J. He appeals.
    *Held:*

        Defendant was denied the benefit of his bargain. The record
    clearly indicates that the trial court intended to sentence him
    to a parolable life term. However, the Department of Correc-
    tions is unable to honor that intent because it is bound by the
    Attorney General's opinion interpreting the statutory provision
    proscribing the release of a prisoner on parole earlier than his
    minimum term of imprisonment to preclude parole of prisoners
    sentenced to prison for life. Thus, defendant's sentence is
    vacated and the case is remanded for resentencing.

        Reversed and remanded.

1. ATTORNEY GENERAL — STATE AGENCIES — ATTORNEY GENERAL
    OPINIONS.
    · Opinions of the Attorney General are binding on state agencies.

2. PLEADING — GUILTY PLEAS — PLEA BARGAINS — UNFULFILLED
    PROMISES OF LENIENCY — APPEAL — REMEDIES.
    A conviction based on a guilty plea induced by promises of
    leniency in sentencing which are later broken or where the
    record reveals no reason for the plea other than a reduction in
    sentence and where the trial court clearly intended to impose a
    shorter sentence should be reversed on appeal, and the defen-
    dant be allowed to withdraw the plea, or, in the alternative, the
    promise should be enforced specifically, the defendant's choice
    of remedy being accorded considerable weight; but where the
    record reveals that the plea was induced by an understanding
    on the part of the defendant which is not shared by the
    prosecutor, specific enforcement of the understanding is pre-

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d (Rev), Attorney General §§ 11, 12.
[2] 21 Am Jur 2d, Criminal Law §§ 491.5, 493, 495, 505.

cluded, although the defendant should still be allowed to withdraw the plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*R. Steven Whalen,* Assistant State ⌐ppellate Defender, for defendant on appeal.

Before: BRONSON, P.J., and J. H. GILLIS and CYNAR, JJ.

J. H. GILLIS, J.

J. H. GILLIS, J. Defendant was charged with first-degree felony-murder. MCL 750.316; MSA 28.548. As part of a plea bargain, he was permitted to plead to second-degree murder, MCL 750.317; MSA 28.549, in exchange for his promise to testify against his codefendants. He testified as promised, and, at the sentencing, the probation department recommended a sentence of from 8 to 15 years. Instead, however, the trial court sentenced defendant to life imprisonment. Defendant appeals as of right.

At the sentencing, the trial court expressly stated that it interpreted life imprisonment as it had been interpreted before the passage of Proposal B, now, MCL 791.233; MSA 28.2303. This interpretation[1] is at odds with OAG 1979, No. 5583 (Oct. 16, 1979), which states that Proposal B prohibits an earlier release than the minimum term

---

[1] Pursuant to MCL 791.234; MSA 28.2304, a prisoner sentenced to life imprisonment for any crime other than first-degree murder or a major controlled substance offense *may* be paroled after he has served ten years of the sentence. Before the enactment of Proposal B, this statute provided a clear basis for a plea bargain which reduced a first-degree murder charge to one of second-degree.

of imprisonment. Since MCL 769.9; MSA 28.1081 provides that no minimum term of years may be set when life is the maximum, a life sentence has been interpreted by the Attorney General as non-parolable with regard to the crimes enumerated in Proposal B. This list includes second-degree murder. MCL 791.233b(n); MSA 28.2303(3)(n).

On February 19, 1980, defendant moved to vacate the sentence. The motion was based on the fact that he was denied the benefit of his bargain because the Department of Corrections is bound by the Attorney General's opinion rather than by the trial court's intent. The trial court denied the motion because its interpretation of a life sentence allowed parole.

The trial court's comments at sentencing and at the hearing on the motion to vacate indicate that it believed the Department of Corrections would be bound by its interpretation of the law. It has long been recognized, however, that Attorney General opinions are binding on state agencies. *Traverse City School Dist v Attorney General,* 384 Mich 390, 410 fn 2; 185 NW2d 9 (1971). Thus, the trial court's interpretation of the law was in error, and such error has had a significant effect on the essence of defendant's plea bargain.

Whether the Attorney General's opinion is valid or not, the trial court's obvious intent was that defendant be eligible for parole despite the fact that he was sentenced to life imprisonment.[2] It

---

[2] Defendant's second issue on appeal challenges the validity of the Attorney General's opinion. We need not reach this issue, however, because the law will permit a resentencing in line with the trial court's intent. That is, if defendant is now sentenced to a minimum of ten years, and a maximum of x number of years less than life, he will be required to serve the minimum term before he is eligible for parole under Proposal B. Such a requirement will operate to provide defendant with the parole eligibility which the trial court initially intended.

may be likewise assumed that this was defendant's intent, for otherwise there would have been no purpose in reducing the charge from first to second-degree murder.[3] Given the fact that the Department of Corrections is incapable of following the trial court's intent, defendant will be denied the entire benefit of the bargain unless he is resentenced. Because defendant already testified against his codefendants, as promised, the "bargain" is even more inequitable than it would otherwise have been.

Where a defendant's plea is induced by promises of leniency in sentencing, and the promise is later broken, "the conviction will be reversed and the defendant will be allowed to withdraw the plea, or else the promise will be specifically enforced". *People v Nickerson,* 96 Mich App 604, 607; 293 NW2d 644 (1980). The same result is required where the record reveals no other reason for a plea than a reduced sentence *and* where the court clearly intended that a shorter sentence be served.

In certain instances, specific performance is precluded because the defendant's understanding of the terms of the plea bargain is not shared by the prosecutor. *People v Flores,* 90 Mich App 223, 228-229; 282 NW2d 782 (1979). In this case, however, the prosecutor stated at the sentencing that "it would be most appropriate to [sentence defendant] under the terms and conditions of what life under second-degree has been construed [as] up until the time of Proposition *[sic]* B". At the hearing on the motion to vacate the sentence, the prosecutor further stated that "[w]e are not really opposed to [the motion] * * *", and that, if the Department of Corrections treated defendant as a Proposal B

---

[3] See note 1, *supra.*

prisoner, "[t]hat would frustrate this Court's intent when it sentenced defendant * * *".

Because the record clearly indicates that the court intended to sentence defendant to a parolable life term, and because the Department of Corrections cannot presently honor that intent, we vacate defendant's sentence and remand for resentencing consistent with the court's intent.[4]

Reversed and remanded for proceedings consistent with this opinion. We retain no jurisdiction.

---

[4] Defendant has requested resentencing, rather than an opportunity to withdraw his plea. Pursuant to *Nickerson, supra,* "the defendant's choice of remedy is to be accorded considerable weight".