## PEOPLE v COHENS

Docket No. 53138. Submitted September 15, 1981, at Detroit.—Decided December 15, 1981. Leave to appeal applied for.

Vernard Cohens pled guilty to two counts of second-degree murder and two counts of possession of a firearm during the commission of a felony pursuant to a plea-bargain and sentence agreement, and sentence was imposed. Subsequently, the defendant moved for a new trial, alleging that the agreement was illusory because the intention of the trial court was to impose parolable life sentences which in fact were precluded because of the ratification by voters of those provisions of the Michigan Penal Code mandating the serving of minimum sentences upon conviction of certain crimes and that the minimum term of years for a conviction of second-degree murder is life with no chance for parole. Detroit Recorder's Court, Clarice Jobes, J., denied the defendant's motion, finding that the Penal Code does not preclude parole for persons serving life sentences. The defendant appeals. *Held:*

1. The trial court erred in denying the defendant's motion. The intent of the trial court was to sentence the defendant to a parolable life term which is precluded by the recently enacted provision of the Penal Code requiring the serving of a minimum sentence. To effectuate the intent of the trial court, the defendant's convictions of second-degree murder are affirmed, but the sentences imposed for second-degree murder are vacated and the case is remanded for resentencing for a minimum of ten years and a maximum of a number of years greater than 15 and less than life.

2. The defendant's conviction of possession of a firearm during the commission of a felony in case number 79-04901 is affirmed. His conviction for the same offense in case number 79-

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 470, 471.
[2] 21 Am Jur 2d, Criminal Law § 485.
[3] 42 Am Jur 2d, Initiative and Referendum § 5.
[4] 73 Am Jur 2d, Statutes §§ 204-208.
[5] 21 Am Jur 2d, Criminal Law § 606.
[6] 21 Am Jur 2d, Criminal Law § 167.

04902 is vacated, and the case is remanded for a determination of whether the defendant aided and abetted an accomplice in obtaining or retaining possession of a firearm during the commission of the underlying felony.

Affirmed in part, vacated in part, and remanded.

1. CRIMINAL LAW — GUILTY PLEAS.

A trial court, in order to accept a guilty plea, must determine that the plea is voluntarily and intelligently made, and, in order to plead voluntarily, a defendant must know the direct consequences of his plea, including the actual value of any commitments made to him (GCR 1963, 785.7).

2. CRIMINAL LAW — GUILTY PLEAS — APPEAL.

A defendant who is induced to plead guilty to a crime by promises of leniency in sentencing will be permitted to withdraw his plea or, in the alternative, obtain specific performance of the promise where the record reveals, on appeal, that the promise was broken or that there was no reason for the plea other than a reduced sentence and the trial court clearly intended that a shorter sentence be served.

3. CONSTITUTIONAL LAW — INITIATIVE AND REFERENDUM — JUDICIAL CONSTRUCTION.

The power to propose, enact, and reject laws is reserved to the people by the Michigan Constitution, and the provisions reserving this power should be construed liberally to facilitate rather than hamper the exercise of the power (Const 1963, art 2, § 9).

4. CONSTITUTIONAL LAW — INITIATIVE AND REFERENDUM — JUDICIAL CONSTRUCTION.

The words contained in a proposal later enacted into law by the voters through the use of the powers of initiative should be given their ordinary and customary meaning such as would have been understood by the voters.

5. PAROLE — MANDATORY MINIMUM SENTENCES — LIFE SENTENCES.

The people of the State of Michigan, in enacting, by their powers of initiative, the sections of the Michigan Penal Code which provide that a person convicted of certain enumerated criminal offenses and sentenced to a minimum term of years exceeding 10 years must serve the entire minimum sentence, undiminished by allowances for good time, special good time, or special parole, intended the law to apply to situations in which a person is sentenced to life in prison, and, because the Penal Code provides that no minimum term of years may be set where the maximum sentence is life, the minimum sentence in

such a situation, for the purpose of applying the provision of the code allowing the diminishing of a sentence by parole, is life, precluding parole consideration for a person so sentenced (MCL 769.9, 791.233b, 791.234; MSA 28.1081, 28.2303[3], 28.2304).

6. WEAPONS — FELONY-FIREARM — AIDING AND ABETTING.

A defendant may be convicted pursuant to that section of the Michigan Penal Code which prescribes penalties for the possession of a firearm during the commission of a felony, notwithstanding a lack of personal possession of a firearm, where he is shown to have aided and abetted another person who had actual possession; to establish such aiding and abetting, it must be shown that the defendant procured, counselled, aided or abetted, and so assisted in obtaining the proscribed possession or in retaining possession otherwise obtained.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Lynn Chard,* Assistant State Appellate Defender, for defendant on appeal.

Amicus Curiae:

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Stephen F. Schuesler,* Assistant Attorney General.

Before: D. C. RILEY, P.J., and J. H. GILLIS and R. M. MAHER, JJ.

J. H. GILLIS, J. Defendant was charged in separate informations with two counts of first-degree murder, MCL 750.316; MSA 28.548, and two counts of possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Pursuant to a plea-bargain and sentence agree-

ment, defendant pled guilty to two counts of second-degree murder, MCL 750.317; MSA 28.549, and two counts of felony-firearm. Prior to tendering his pleas, defendant was advised by the court that upon his pleas of guilty he would be sentenced to a mandatory two-year term on each felony-firearm conviction, to run consecutively, followed by a term of life imprisonment on each second-degree murder conviction, to run concurrently. On October 10, 1979, defendant was sentenced in accordance with the above agreement.

On February 4, 1980, defendant's appellate counsel filed a motion for new trial. The motion cited OAG, 1979, No 5583 (October 16, 1979), which ruled that Proposal B, MCL 791.233b; MSA 28.2303(3), precludes parole consideration under MCL 791.234; MSA 28.2304 (commonly known as the "lifer law"), for any prisoner serving a life term for one of the crimes enumerated in Proposal B. Defendant argued in the trial court that his pleas were involuntary and unintelligently made because he was not informed that nonparolable life sentences would be imposed, that his pleas were illusory because he was denied the benefit of his plea bargain, and, alternatively, that he was entitled to be resentenced because the sentencing judge was unaware of the effect of Proposal B on life sentences.

On June 25, 1980, the trial court entered an order denying defendant's motion for new trial and finding that Proposal B did not operate to preclude parole consideration under the lifer law for persons serving life sentences.

Proposal B is an initiated law ratified by the people of Michigan in the general election held November 7, 1978. Designated as MCL 791.233b; MSA 28.2303(3), it provides in part:

"A person convicted and sentenced for the commission of any of the following crimes shall not be eligible for parole until the person has served the minimum term imposed by the court which minimum term shall not be diminished by allowances for good time, special good time, or special parole."

Proposal B contains a list of crimes which includes second-degree murder, MCL 791.233b(n); MSA 28.2303(3)(n).[1]

MCL 791.234(4); MSA 28.2304(4) provides:

"A convict who is imprisoned in a prison or reformatory of this state under sentence for life or for a term of years, other than prisoners sentenced for life for murder in the first degree and prisoners sentenced for life or for a minimum term of imprisonment for a major controlled substance offense, who has served 10 calendar years of the sentence, shall be subject to the authority and jurisdiction of the parole board and may be released on parole in the discretion of the parole board, subject to the conditions set forth in this subsection. A parole shall not be granted a convict so sentenced and so imprisoned until after a public hearing held in the manner prescribed for pardons and commutations in sections 44(c) to (e) and 45. Notice of the public hearing shall be given to the sentencing judge, or his successor in office, and parole shall not be granted if the sentenc-

[1] Proposal B also amended the special parole provision of MCL 791.233; MSA 28.2303. That statute now provides in part:

"(b) A parole shall not be granted to a prisoner until the prisoner has served the minimum term imposed by the court less allowances for good time or special good time to which the prisoner may be entitled to by statute, except that prisoners shall be eligible for parole prior to the expiration of their minimum terms of imprisonment whenever the sentencing judge or the judge's successor in office gives written approval of the parole of the prisoner prior to the expiration of the minimum terms of imprisonment.

"(c) Notwithstanding the provisions of subsection (b), a parole shall not be granted to a prisoner sentenced for the commission of a crime described in section 33b until the prisoner has served the minimum term imposed by the court, which minimum term shall not be diminished by allowances for good time, special good time, or special parole."

ing judge, or his successor in office, files written objections to the granting of the parole, which written objections shall be made part of the hearing. A parole granted under this subsection shall be for a period of not less than 4 years, and subject to the usual rules pertaining to paroles granted by the parole board. A parole ordered for a convict under this subsection shall not become valid until the transcript of the record is filed with the attorney general whose certification of receipt thereof shall within 5 days be returnable to the office of the parol board. The file of a convict granted a parole under this subsection shall be a public record as in the manner made and provided for pardons and commutations."

The Attorney General's opinion No 5583 (October 16, 1979), issued six days after the sentencing date in this case, construed Proposal B as precluding parole consideration for prisoners serving life sentences. The Attorney General found that since MCL 769.9; MSA 28.1081 provides that no minimum term of years may be set when life is the maximum, the minimum term imposed by the court in such cases is, in effect, life imprisonment. Since Proposal B provides that a prisoner's minimum sentence may not be diminished, the Attorney General concluded that MCL 791.234(4); MSA 28.2304(4) had no application to prisoners sentenced to life terms for Proposal B crimes.

In the present case, there was no reference made during the plea or sentence proceeding as to whether defendant's life sentences would be parolable. However, we can safely assume that the only benefit which defendant expected to receive from the plea-bargain and sentence agreement was parole eligibility under MCL 791.234(4); MSA 28.2304(4). Since such parole eligibility is precluded by Proposal B, defendant's plea was rendered illusory.

A plea of guilty must be voluntarily and intelligently made. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975). In order to plead voluntarily, a defendant must know the direct consequences of his plea, including the actual value of any commitments made to him. *People v Lawson,* 75 Mich App 726, 730; 255 NW2d 748 (1977).

The trial court's order denying defendant's motion for new trial indicates its disagreement with the Attorney General's opinion regarding the effect of Proposal B on life sentences and expresses a clear intent that defendant be eligible for parole under the lifer law. A very similar situation was addressed by this Court in *People v Penn,* 102 Mich App 731; 302 NW2d 298 (1981). In that case, the trial judge expressly stated that he interpreted life imprisonment as it had been interpreted prior to the passage of Proposal B and indicated his belief that the Department of Corrections would be bound by his interpretation of the law. This Court reversed, holding that the Department of Corrections was bound by the opinion of the Attorney General and could therefore not honor the trial court's intent that that defendant be eligible for parole under the lifer law. We agree with the following holding in *Penn, supra,* 734 and find it fully applicable to the present case:

"Where a defendant's plea is induced by promises of leniency in sentencing, and the promise is later broken, 'the conviction will be reversed and the defendant will be allowed to withdraw the plea, or else the promise will be specifically enforced'. *People v Nickerson,* 96 Mich App 604, 607; 293 NW2d 644 (1980). The same result is required where the record reveals no other reason for a plea than a reduced sentence *and* where the court clearly intended that a shorter sentence be served."

The trial judge and the prosecutor, on appeal, have stated their desire and intent that defendant be sentenced to parolable life terms. Because the Department of Corrections cannot presently honor that intent, defendant's sentences for second-degree murder are vacated, and the case is remanded for resentencing. In order to effectuate the trial court's intent, defendant may now be resentenced to a minimum of 10 years and a maximum of x number of years greater than 15 and less than life. *Id.*, 733, n 2.

Although not essential to our holding, we are in agreement with the Attorney General's opinion regarding the effect of Proposal B on life sentences.

Const 1963, art 2, § 9, reserves the power to propose laws and to enact and reject laws, called the initiative, to the people. Initiative provisions should be liberally construed to effectuate their purposes and to facilitate rather than hamper the exercise by the people of their reserved rights. *Newsome v Board of State Canvassers,* 69 Mich App 725, 729; 245 NW2d 374 (1976), *lv den* 397 Mich 833 (1976). As initiative law, the words of Proposal B must be given their ordinary and customary meaning, such as would have been understood by the voters. The clear intent of Proposal B was to change the sentencing structure and parole policies which previously had prevailed. Where a defendant is convicted of an offense enumerated in Proposal B and sentenced to a minimum of a term of years exceeding 10 years, the provisions of MCL 791.234(4); MSA 28.2304(4) have no application because defendant will be required to serve his entire minimum sentence undiminished by allowances for good time, special good time, or special parole. We believe that it was the intent of the

people in ratifying Proposal B to have the same rule apply to life sentences. Because MCL 769.9; MSA 28.1081 provides that no minimum term of years may be set when life is the maximum, for purposes of Proposal B, the minimum term is, in effect, life imprisonment. Accordingly, we find that Proposal B precludes parole consideration under MCL 791.234; MSA 28.2304 for a prisoner sentenced to life for a crime enumerated in Proposal B.

Defendant finally contends that there was an inadequate factual basis to support his plea of guilty to the felony-firearm charge in file number 79-04902. GCR 1963, 785.7(3)(a). We agree.

In *People v Johnson,* 411 Mich 50, 54; 303 NW2d 442 (1981), the Supreme Court held that because in a felony-firearm prosecution the posession of the firearm is a distinct crime from the underlying felony, the aiding and abetting charge must be established in each to support a conviction of each. The Court held:

"To convict one of aiding and abetting the commission of a separately charged crime of carrying or having a firearm in one's possession during the commission of a felony, it must be established that the defendant procured, counselled, aided, or abetted and so assisted in obtaining the proscribed possession, or in retaining such possession otherwise obtained. See *People v Doemer,* 35 Mich App 149; 192 NW2d 330 (1971); *People v Francis,* 71 Cal 2d 66; 450 P2d 591; 75 Cal Rptr 199 (1969)."

The record in this case does not establish that defendant had actual possession of the firearm or assisted the accomplice in obtaining or retaining possession of the firearm which the accomplice used in commission of the murder in file number 79-04902. The record does establish that defendant

had actual possession of the firearm during the commission of the murder in file number 79-04901.

Accordingly, the appeal from file number 79-04902 is remanded to the trial court. On remand, the prosecutor shall be given the opportunity to establish that defendant procured, counselled, aided, or abetted and so assisted the accomplice to obtain or retain possession of the firearm which the accomplice used in commission of the felony. If the prosecutor is able to do so and there is no contrary evidence, the judgment of conviction of felony-firearm shall be affirmed. If the prosecutor is unable to do so, the judgment of conviction of felony-firearm shall be set aside. If contrary evidence is produced, these matters shall be treated as a motion to set aside the guilty plea, and the court shall decide these matters in the exercise of its discretion. *Id.,* 54-55.

Defendant's convictions of second-degree murder are affirmed; his sentences on the convictions for second-degree murder are vacated, and the cause is remanded for resentencing. Defendant's conviction for felony-firearm in file number 79-04901 is affirmed. His conviction for felony-firearm in file number 79-04902 is vacated, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Affirmed in part, vacated in part, and remanded.