PEOPLE v SIMMONS

Docket No. 58783. Submitted July 13, 1982, at Detroit.—Decided November 9, 1982.

William Simmons pled guilty in Recorder's Court of Detroit to two counts of second-degree murder after informing the court that he desired to receive a straight life sentence in return for his plea. Defendant was under the impression that, by being sentenced to a sentence of straight life, he would be eligible for parole after a period of ten years, whereas if he received a sentence of a term of years he might not be eligible for parole for more than ten years. Defendant was sentenced to life imprisonment, George W. Crockett, Jr., J. He appealed after learning that he might have been eligible for parole after ten years even if he had received a sentence of a number of years. The Court of Appeals, in an unpublished per curiam opinion dated February 6, 1981, affirmed his conviction but remanded the case for resentencing. On remand, defendant was again sentenced to life imprisonment, Warfield Moore, Jr., J. Defendant appeals again. *Held:*

Defendant is entitled to the more lenient sentence of a term of years. The trial court intended that defendant be sentenced to the more lenient of the two possible sentences but, as it turned out, sentenced defendant to the harsher of the two possibilities. If defendant is sentenced to a term of years he will be eligible for special parole sooner than if he is sentenced to life imprisonment. Because defendant did not receive the benefit of his bargain at the new sentencing, the case is remanded for a new sentencing and the trial court is directed to sentence defendant to a term of years.

Reversed and remanded.

1. CRIMINAL LAW — GUILTY PLEAS — APPEAL.

A defendant who is induced to plead guilty to a crime by prom-

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 504.

Right to withdraw guilty plea in state criminal proceedings where court refuses to grant confession contemplated by plea bargain. 66 ALR3d 902.

[2] 21 Am Jur 2d, Criminal Law § 485.

ises of leniency in sentencing will be permitted to withdraw his plea or, in the alternative, obtain specific performance of the promise where the record reveals, on appeal, that the promise was broken.

2. Criminal Law — Sentencing — Sentence Bargain Agreement.

A defendant is entitled to resentencing in a case where he agreed to plead guilty in exchange for a reduced sentence and the court, while intending to impose a reduced sentence, inadvertently imposed a sentence more severe than that to which the court and the defendant agreed.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Herb Jordan),* for defendant on appeal.

Before: T. M. Burns, P.J., and Beasley and C. W. Simon,* JJ.

Per Curiam. On January 30, 1978, defendant pled guilty to two counts of second-degree murder, MCL 750.317; MSA 28.549, and was sentenced to life imprisonment. He appealed as of right. On February 6, 1981, this Court affirmed his conviction but remanded for a resentencing. He was again resentenced to life imprisonment. He again appeals as of right.

Defendant had originally been charged with two counts of felony murder. At defendant's plea, the following exchange took place:

*"Court:* If you plead guilty to murder in the second degree and if you do[,] the maximum sentence that you can get is any number of years up to and including life

---

* Circuit judge, sitting on the Court of Appeals by assignment.

imprisonment. I had some discussion with your counsel and with the prosecutor and your counsel told me that you would prefer, in the event I accept your plea and subject to seeing the probation report, that you be given a straight life sentence in the hopes that you might be eligible for parole at the expiration of ten years. But, that if it was otherwise left to me to sentence you, you might not be eligible for parole for a period of more than ten years. Is that your thinking in the matter?

"*Mr. Simmons:* Yes, sir.

"*Court:* And is that why you would like to have a sentence of straight life, is that right?"

On appeal, this Court stated:

"Defendant apparently believed that if he was sentenced to life he would automatically be eligible for parole in ten years, whereas, if he was sentenced to a term of years he might not be eligible for parole for more than ten years.

\* \* \*

"Under these statutes, it is clear that even if defendant had been given a long indeterminate sentence he would still have been eligible for parole after ten years. Thus, the judge erred in stating '[I]f it was otherwise left to me to sentence you, you might not be eligible for parole for a period of more than ten years.' In addition, as defendant points out, [MCL 791.233(b); MSA 28.2303(b)] allowed a person with an indeterminate sentence to be considered for a special parole prior to the expiration of ten years, upon the approval of the sentencing judge. A special parole was not available for those receiving life sentences.

\* \* \*

"Since both the trial judge and defense attorney not only misstated but over-valued the consequences to defendant if he accepted the proposed sentence 'bargain', we remand this case for resentencing."

Defendant now argues that the second sentenc-

ing judge erred in giving him life imprisonment. We agree.

*People v Cohens,* 111 Mich App 788; 314 NW2d 756 (1981), is analogous. There, the defendant was given life imprisonment after pleading guilty to two counts of second-degree murder. The trial judge believed that the defendant would in fact be eligible for parole. However, Proposal B precluded the parole board from ever giving defendant parole. This Court first quoted from *People v Penn,* 102 Mich App 731, 734; 302 NW2d 298 (1981):

"Where a defendant's plea is induced by promises of leniency in sentencing, the promise is later broken, 'the conviction will be reversed and the defendant will be allowed to withdraw the plea, or else the promise will be specifically enforced'. *People v Nickerson,* 96 Mich App 604, 607; 293 NW2d 644 (1980). The same result is required where the record reveals no other reason for a plea than a reduced sentence *and* where the court clearly intended that a shorter sentence be served." (Emphasis in original.)

*Cohens* then ordered specific performance:

"The trial judge and the prosecutor, on appeal, have stated their desire and intent that defendant be sentenced to parolable life terms. Because the Department of Corrections cannot presently honor that intent, defendant's sentences for second-degree murder are vacated and the case is remanded for resentencing. In order to effectuate the trial court's intent, defendant may now be resentenced to a minimum of 10 years and a maximum of x number of years greater than 15 and less than life." 111 Mich App 788, 795.

The trial judge intended to sentence defendant to the more lenient of two possible sentences: life or a term of years. As it turns out, the life sentence was not more lenient than a sentence of a

term of years. If defendant is sentenced to a term of years he will be eligible for special parole sooner than if he is sentenced to life imprisonment. Because one of the main reasons for defendant's pleading guilty was the sentencing concession, we believe that he did not receive his benefit of the bargain at the new sentencing. Therefore, we remand this case for a new sentencing and direct the trial judge to give him a sentence of a term of years.

Reversed and remanded, we do not retain jurisdiction.