PEOPLE v COHENS (AFTER REMAND)

Docket No. 69539. Submitted December 7, 1983, at Detroit.—Decided
February 15, 1984.

Vernard Cohens, pursuant to a plea bargain in which charges of
first-degree murder arising out of separate incidents were re-
duced, pled guilty in Detroit Recorder's Court to two counts of
second-degree murder and two counts of felony-firearm and was
sentenced to a mandatory two-year term on each felony-firearm
conviction, to run consecutively, followed by a term of life
imprisonment on each second-degree murder conviction, to run
concurrently, Clarice Jobes, J. Defendant subsequently moved
for a new trial, alleging that the plea agreement under which
he was convicted and sentenced was illusory because the inten-
tion of the trial court was to impose parolable life sentences
which in fact were precluded because of the ratification by
voters of those provisions of the Michigan Penal Code mandat-
ing the serving of minimum sentences upon conviction of
certain crimes and that the minimum term of years for a
conviction of second-degree murder is life with no chance for
parole. The trial court, Clarice M. Jobes, J., denied defendant's
motion, finding that the Penal Code does not preclude parole
for persons serving life sentences. Defendant appealed. The
Court of Appeals affirmed defendant's two convictions of sec-
ond-degree murder but set aside the sentences and remanded
the cause for resentencing to a minimum term of no more than
10 years and a maximum term of "x number of years" in
excess of 15 but less than life, holding that the plea agreement
under which defendant pled guilty contemplated eligibility for
parole after 10 years, 111 Mich App 788 (1981). On remand to
the trial court, Judge Jobes indicated that at the time of
sentencing she did not believe that the ratified provisions of the
Penal Code mandating the serving of minimum sentences
before eligibility for parole would affect those serving life
sentences and further indicated that she would not impose a
10-year minimum sentence and that she would impose a signifi-

References for Points In Headnotes
[1, 2] 5 Am Jur 2d, Appeal and Error § 744 *et seq.*
　21 Am Jur 2d, Criminal Law §§ 483 *et seq.*, 580 *et seq.*

cantly higher minimum sentence in the 30- to 60-year range. She offered defendant the alternative of withdrawing his guilty plea and going to trial on the original charges arising out of the two separate incidents or being sentenced on his guilty plea to a 30-year minimum sentence. Defendant withdrew his plea, Judge Jobes disqualified herself, and the case was reassigned to Judge Edward M. Thomas for trial on the original charges. Prior to trial, defense counsel objected to the choice given defendant by Judge Jobes and argued that defendant was entitled under the earlier Court of Appeals decision in the case to be resentenced to a minimum term of 10 years and a maximum term of x number of years in excess of 15 but less than life. The court overruled defendant's objections to the proceedings. Trial proceeded on the charges arising out of one of the incidents and defendant was convicted of second-degree murder, armed robbery, and felony-firearm by a jury. Defendant was sentenced to life imprisonment for the second-degree murder conviction, not less than 40 years nor more than 60 years in prison for the armed robbery conviction and the consecutive 2 years for the felony-firearm conviction, Edward M. Thomas, J. Defendant appeals. *Held:*

Defendant's contention that he is entitled to be resentenced to minimum terms of 10 years and maximum terms of more than 15 years but less than life on his guilty plea convictions for second-degree murder is correct. No appeal or motion for rehearing was made by the people attacking the earlier decision of the Court of Appeals. That decision remains intact and is the law of the case. In accordance with that decision, defendant's sentences are modified to provide 2 concurrent sentences of not less than 10 years nor more than 60 years in prison.

1. APPEAL — CRIMINAL LAW — RESENTENCING — LAW OF THE CASE.

A defendant who, pursuant to a plea agreement, pled guilty to charges of second-degree murder and felony-firearm with the understanding that he would be eligible for parole after 10 years and then was sentenced to life imprisonment, a non-parolable sentence, was entitled to resentencing to a minimum term which would permit his eligibility for parole after 10 years, and the trial court erred in not following the Court of Appeals instructions to that effect.

2. APPEAL — REMAND — LAW OF THE CASE.

A decision of the Court of Appeals remains intact and is the law of the case on remand where no appeal or motion for rehearing is made attacking the decision.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Stuart B. Lev),* for defendant.

## AFTER REMAND

Before: BEASLEY, P.J., and V. J. BRENNAN and R. A. BENSON,* JJ.

PER CURIAM. In November, 1982, defendant, Vernard Cohens, was convicted by a jury of second-degree murder, contrary to MCL 750.317; MSA 28.549, armed robbery, contrary to MCL 750.529; MSA 28.797, and felony-firearm, contrary to MCL 750.227b; MSA 28.424(2). Defendant was sentenced to life imprisonment for second-degree murder, not less than 40 nor more than 60 years in prison for armed robbery and the consecutive 2 years in prison for felony-firearm. He now appeals as of right.

In September, 1979, charged with two counts of felony murder (murder in the first degree) and accompanying felony-firearm charges arising out of two separate incidents, defendant pled guilty to two counts of murder in the second degree and felony-firearm, under a plea agreement which dismissed the first-degree murder charges. After sentence, defendant appealed to this Court. In *People v Cohens,*[1] we specifically provided

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] 111 Mich App 788, 797; 314 NW2d 756 (1981).

that defendant's two convictions of second-degree murder were affirmed, but set aside the sentences and remanded the cause for resentencing.[2] We held that the plea agreement under which defendant pled contemplated eligibility for parole after 10 years pursuant to MCL 791.234(4); MSA 28.2304(4).

Shortly after imposition of the sentences based on the guilty pleas, the Attorney General rendered an opinion construing Proposal B, which was an initiated law ratified in the November, 1978, general election, to preclude parole consideration for prisoners serving life sentences. Thus, in 111 Mich App 788 (1981), *supra,* we concluded that defendant's reliance on the possibility of parole after 10 years was illusory and set aside the sentences, saying:

"The trial judge and the prosecutor, on appeal, have stated their desire and intent that defendant be sentenced to parolable life terms. Because the Department of Corrections cannot presently honor that intent, defendant's sentences for second-degree murder are vacated, and the case is remanded for resentencing. In order to effectuate the trial court's intent, defendant may now be resentenced to a minimum of 10 years and a maximum of x number of years greater than 15 and less than life." *People v Cohens, supra,* p 795.

On remand, Judge Clarice M. Jobes disqualified herself, indicating that at the time of sentence, contrary to the subsequent opinion of the Attorney General, she did not believe Proposal B would affect those serving life sentences. Apparently she indicated[3] that, while she had been considering a

---

[2] The conviction for felony-firearm was affirmed as to one of the incidents out of which the original charges arose and vacated as to the other.

[3] No transcript of that hearing has been filed.

sentence with a minimum of around 30 years, she had been assuming she would have no control over when defendant might be reviewed for possible parole. Acknowledging that both she and defendant[4] likely misunderstood the law relating to parole, she offered defendant the alternative of withdrawing his guilty plea to imposition of a sentence with a 30-year minimum. Obviously, she did not interpret this Court's opinion in 111 Mich App 788 (1981), as limiting the sentence she might impose to a 10-year minimum.

Faced with this choice, defendant withdrew his plea. Then Judge Jobes disqualified herself, and the case was reassigned to Judge Edward M. Thomas for trial. Prior to trial, counsel for defendant objected at length to the choice given defendant and argued that defendant was entitled under the Court of Appeals opinion reported in 111 Mich App 788, 797 (1981), to be resentenced with a minimum sentence of 10 years. We agree with defendant.

We believe we are bound by the panel's decision reported in 111 Mich App 788 (1981), affirming defendant's convictions of two counts of second-degree murder and imposing a sentence with "a minimum of 10 years and a maximum of x number of years greater than 15 and less than life". We do not believe under the circumstances of this case that defendant waived his right to the benefit of our decision reported in 111 Mich App 788 (1981). Neither an appeal nor a motion for rehearing was made attacking that decision.[5] It remains intact and is the law of this case.

---

[4] Presumably all counsel.

[5] Consistent decisions are *People v Penn,* 102 Mich App 731; 302 NW2d 298 (1981), and *People v Lad Peete* (Docket No. 57346, decided May 13, 1982 [unreported]).

In accordance with that decision, we modify defendant's sentences to provide two concurrent sentences of not less than 10 years nor more than 60 years in prison.