PEOPLE v JOHNSON

Docket No. 71296. Argued June 6, 1984 (Calendar No. 3).—Decided
December 28, 1984. Released February 1, 1985.

Michael J. Johnson pled guilty in the Berrien Circuit Court to
second-degree murder in exchange for a dismissal of a charge of
first-degree murder. The court, Julian H. Hughes, J., sentenced
the defendant to life imprisonment. The Court of Appeals,
R. M. Maher, P.J., and D. E. Holbrook, Jr., and Robinson, JJ.,
affirmed in an unpublished opinion per curiam (Docket No.
55053). The defendant appeals, arguing that the failure of the
trial court to inform him of the effect of the requirement of the
parole act that the minimum term of a sentence, life in this
case, must be served before a prisoner is eligible for parole
prevented him from offering an understanding plea.

In an opinion by Justice Kavanagh, joined by Chief Justice
Williams and Justices Levin, Brickley, and Cavanagh, the
Supreme Court held:

The provision in the parole act requiring the serving of a
mandatory minimum sentence before being eligible for parole
applies only to indeterminate sentences. It binds the parole
board, precluding release of a prisoner before the expiration of
the minimum term fixed by the sentencing judge for crimes
enumerated in the statute such as second-degree murder. It has
no application to a fixed or life sentence.

1. When a statute authorizes the imposition of a sentence of
life or any term of years, it allows the imposition of a fixed
sentence, life, or an indeterminate sentence, any number of
years. The sentences are mutually exclusive, and a sentencing
judge may opt for either, but not both. Persons who are
sentenced to life imprisonment may be released on parole after
serving ten years of their sentences.

2. The statute requiring full service of the minimum term of
a sentence, not to be diminished by allowance for good time,

REFERENCES FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 542, 591, 606.
59 Am Jur 2d, Pardon and Parole § 77 et seq.
Validity of statutes prohibiting or restricting parole, probation, or
suspension of sentence in cases of violent crimes. 100 ALR3d 431.

special good time, or special parole, is not applicable where a sentence of life imprisonment for second-degree murder is imposed. The statute applies only to indeterminate sentences.
Affirmed.

Justice Boyle, joined by Justice Ryan, dissenting, stated that the legislation required by the initiative was intended to preclude from eligibility for parole persons sentenced to life in prison, notwithstanding the provision of the parole act which would permit parole of a person sentenced to life in prison who has served ten years of a sentence. In the case of a life sentence for murder, the life term is both the minimum and the maximum. A common-sense reading of the parole act is that the minimum term imposed upon a defendant for enumerated crimes such as second-degree murder be served before the defendant is eligible for parole. Where the term is life, the parole board does not have jurisdiction to grant parole. Because the record in this case is not clear with respect to the intent of the trial court in imposing the life sentence and its understanding of the effect of the mandatory minimum requirement of the parole act, the case should be remanded for resentencing.

OPINION OF THE COURT

1. PAROLE — LIFE SENTENCES — MANDATORY MINIMUM SENTENCES.
   The provision in the parole act requiring the serving of a mandatory minimum sentence before being eligible for parole applies only to indeterminate sentences; it binds the parole board, precluding release of a prisoner before the expiration of the minimum term fixed by the sentencing judge for crimes enumerated in the statute such as second-degree murder and has no application to a fixed or life sentence (MCL 791.233b; MSA 28.2303[3]).

DISSENTING OPINION BY BOYLE, J.

2. PAROLE — LIFE SENTENCES — MANDATORY MINIMUM SENTENCES.
   *A person sentenced to life in prison for second-degree murder is precluded from eligibility for parole because such a person is required to serve the minimum term of the sentence for second-degree murder and both the minimum and maximum terms in such a case are life (MCL 791.233b, 791.234; MSA 28.2303[3], 28.2304).*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *John T. Burhans,* Assistant Prosecuting Attorney, for the plaintiff.

*Bleich, Burch, Dettman & Grumbine* (by *Andrew J. Burch)* for the defendant.

KAVANAGH, J. Defendant pleaded guilty to second-degree murder. MCL 750.317; MSA 28.549. Pursuant to a plea bargain, a charge of first-degree murder was dismissed. MCL 750.316; MSA 28.548. He was sentenced to life imprisonment.

The Court of Appeals considered and rejected asserted errors touching the plea-taking procedure and that Court's ruling thereon is not challenged here. Rather defendant here argues the effect of "Proposal B" on the "lifer law" and claims that failure of the trial court to make certain that defendant was correctly informed thereon prevented an understanding plea as required by GCR 1963, 785.7.

We do not usually treat errors not asserted in the Court of Appeals. We address this question, however, because we are concerned with its implication in this and many other cases and confusion about it has such impact on our plea-taking procedure as to warrant our speaking to it at this time.

MCL 791.234(4); MSA 28.2304(4), popularly known as the "lifer law," provides in pertinent part:

"A prisoner under sentence for life or for a term of years, other than prisoners sentenced for life for murder in the first degree and prisoners sentenced for life or for a minimum term of imprisonment for a major controlled substance offense, who has served 10 calendar years of the sentence, is subject to the jurisdiction of the parole board and may be released on parole by the parole board . . . ."

Proposal B, an initiatory provision adopted by the voters in 1978 became MCL 791.233b; MSA 28.2303(3) and provided in relevant part:

"A person convicted and sentenced for the commission of any of the following crimes shall not be eligible for parole until the person has served the minimum term imposed by the court which minimum term shall not be diminished by allowances for good time, special good time, or special parole."

Among the crimes listed requiring service of a minimum term before parole is second-degree murder.

The prosecutor argues that Proposal B, despite its express provision that the legislation has application to "the minimum term imposed by the court," must be read as applying to a life sentence. This is so, he maintains, because the minimum term of a life sentence is the natural life of the defendant. He relies on the authority of the opinion of the Attorney General, OAG 1979-1980, No 5583, pp 438, 441-442 (October 16, 1979), for this view, and its acceptance by the Court of Appeals in *People v Cohens,* 111 Mich App 788, 795; 314 NW2d 756 (1981).

We disagree.

The difference between a life sentence and an indeterminate sentence having a minimum and maximum term has been recognized by this Court since our decision in *People v Vitali,* 156 Mich 370; 120 NW 1003 (1909). We observed in *Vitali* that if a life sentence is imposed there can be no minimum term.

Accordingly, when a statute authorizes the imposition of a sentence of "life or any term of years" it allows the imposition of a fixed sentence —life—or an indeterminate sentence—any number of years. We observed in *People v Blythe,* 417 Mich 430, 434-435; 339 NW2d 399 (1983), that the Legislature viewed the phrase "life or any term of years" as descriptive of the maximum sentence

only. The sentence concepts "life" and "any term of years" are mutually exclusive and a sentencing judge may (in the appropriate case) opt for either but not both.

We hold that Proposal B applies only to indeterminate sentences. Its express provisions are binding on the parole board, and the board may not release on parole, before the expiration of the minimum term fixed by the sentencing judge, any person given an indeterminate sentence for the crimes specified after the proposal's effective date. It has no application to a fixed or life sentence.

The judgment of the Court of Appeals is affirmed.

WILLIAMS, C.J., and LEVIN, BRICKLEY, and CAVANAGH, JJ., concurred with KAVANAGH, J.

BOYLE, J. We dissent because we conclude that the purpose of Proposal B was to preclude persons sentenced to life in prison from eligibility for parole under MCL 791.234; MSA 28.2304. We would however remand for resentencing because on the facts of this case, we are uncertain of the trial court's intent in sentencing the defendant.

1978 PA 81 initiated measure, Proposal B, was an initiative law, the clear intent of which was to change the sentencing structure, good time provision, and parole policies of this state.

The official ballot wording for Proposal B read as follows:

"Proposal to Prohibit the Granting of a Parole to a Prisoner Convicted of Certain Crimes Involving Violence or Injury to Person or Property Until at Least the Minimum Sentence Has Been Served. The Proposed Law would:
1) *List the crimes to which this law applies,* which are

crimes of violence or crimes resulting in injury to persons or damage to property.

2) Prohibit the Parole Board from granting a parole to a prisoner serving a sentence for *conviction of one of these crimes* until after the completion of the minimum sentence imposed on the prisoner.

3) Provide that in cases involving conviction for one of these crimes that the minimum sentence cannot be diminished by granting of good time, special good time, or special parole." OAG 1981-1982, No 5875, p 120 (April 16, 1981).

As passed by the Legislature, MCL 791.233b; MSA 28.2303(3), the amendment required by Proposal B contained over 80 statutes involving crimes of violence or injury to person or property. Of these, 25 carry a maximum penalty of life in prison.

Prior to adoption of MCL 791.233b; MSA 28.2303(3), MCL 791.233(b); MSA 28.2303(b) provided that prisoners were eligible for special parole "prior to expiration of their minimum terms of imprisonment whenever the sentencing judge or the judge's successor in office gives written ap-three of the jury instructions at issue herein were

MCL 791.234; MSA 28.2304, "the lifer law," provided that persons who had served ten calendar years "under a sentence for life or for a term of years" other than those sentenced for "murder in the first degree" may be released on parole.

By 1978 PA 81, the Legislature amended MCL 791.233; MSA 28.2303 to preclude special paroles for "prisoners sentenced for life for murder in the first degree and prisoners sentenced for life or for a minimum term of imprisonment for a major controlled substance offense . . . ."

The Proposal B initiative amended MCL 791.233; MSA 28.2303 and eliminated special parole, good time, and special good time allowance and made

parole available only after service of the minimum term. It contains a list of crimes which includes second-degree murder, MCL 791.233b(n); MSA 28.2303(3)(n).

The issue, of course, is the effect of Proposal B on the lifer law. We agree with the conclusion of the Court of Appeals in *People v Cohens,* 111 Mich App 788; 314 NW2d 756 (1981), that the clear intent of Proposal B was to restructure parole policies to ensure that defendants would serve their full minimum term when convicted of one of the listed offenses. This intent is expressed in the elimination of the possibility for special parole for inmates who received sentences in excess of ten years. We believe it was likewise the intent of the initiative to modify MCL 791.234; MSA 28.2304 with regard to life sentences.

Our duty is to construe the initiative in a common-sense way that would be understood by the voters in order to effectuate the will of the people, *Newsome v Board of State Canvassers,* 69 Mich App 725, 729; 245 NW2d 374 (1976). In the case of a life sentence for murder, the life term is both the minimum and the maximum. We hold that a common-sense reading of the intent of Proposal B is that any minimum term imposed be actually served, and therefore conclude that MCL 791.234(4); MSA 28.2304(4) did not grant jurisdiction to the parole board for prisoners sentenced to life terms for Proposal B crimes. The construction advanced by appellant would produce the anomalous result that persons receiving terms in excess of ten years would have to serve all of their minimum, while those sentenced to life would be eligible for parole after ten years. We cannot agree that this result was the intent of the electorate.[1]

---

[1] We note that in 1982 the Michigan Legislature reenacted the

We further find, however, that although the trial judge's remarks at sentencing might be construed as a statement that regardless of the effect of Proposal B on the availability of parole, he would give the same sentence, we are uncertain of his intent because of his statement that he was sentencing in accordance with his opinion that Proposal B "in no way affects" § 34. We are left without a firm conviction regarding the trial court's intent. We therefore remand for resentencing.

RYAN, J., concurred with BOYLE, J.

"lifer" law and added certain amendments not pertinent to the issue before us. 1982 PA 314, MCL 791.235 *et seq.;* MSA 28.2305 *et seq.* As the issue of the applicability of 1982 PA 314, to prisoners "under sentence for life" has been neither briefed nor argued herein, we intimate no opinion thereon.