HARDIE B. KIMBROUGH, Presiding Circuit Judge.
The appellant was indicted by the St. Clair Grand Jury for receiving stolen property in the second degree in violation of § 13A-8-18, Code of Alabama 1975. Appellant was arraigned and entered a plea of not guilty. The jury returned a verdict of guilty, and the court, pursuant to the Habitual Felony Offender Act, sentenced appellant to life imprisonment in the penitentiary of the State of Alabama.
Appellant first contends that the State failed to prove the value of the stolen property received by the appellant to be in excess of $100. The record, however, reveals that the owner/victim testified as follows:
“Q. What was the value of that television at the time it was stolen or turned up missing?
“A. $119.00.
“Q. $119.00?
“A. Yes.”
There was further testimony by the victim/witness on cross examination and redirect examination in which she maintained that the value of the stolen property was in excess of $100, to-wit, $119.
The victim/witness testified that she was the owner of the stolen television set. The owner of personal property may testify as to the value of such property. The testimony of the victim/witness met the requirements for proof of value. Bell v. State, 364 So.2d 420 (Ala.Cr.App.1978); C. Gamble, McElroy’s Alabama Evidence § 128.11 (3d ed. 1977).
The appellant also contends that he was improperly sentenced pursuant to the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975. The record reflects that the appellant was adjudged guilty of receiving stolen property in the second degree on April 1, 1982. The record further reflects that oral notice was given to the appellant and his attorney of the State’s intention to proceed against the appellant pursuant to the Habitual Felony Offender Act. It next appears that written notice by the State of Alabama to proceed against appellant, pursuant to the Habitual Felony Offender Act, was filed on May 20, 1982. An order dated August 2, 1982, was entered by the court, wherein it was found that the appellant had been convicted of more than three previous felonies, and, pursuant to § 13A-5-9, Code of Alabama 1975, he was sentenced to life imprisonment in the State penitentiary. The record, however, does not reflect any transcript whatsoever of the sentence hearing. The State must prove an accused’s record in order to trigger the operation of the Habitual Felony Offender Act’s sentencing provisions. McGhee v. State, 412 So.2d 327 (Ala.Cr.App.1982).
The record in this case is devoid of any evidence, other than the notice filed by the district attorney, of the appellant’s prior convictions. Further, there is no evidence in the record which affirmatively reflects whether the appellant was represented by counsel in any of his alleged prior convictions. Although appellant, in his brief, alludes to objections during the sentence hearing, the record does not include a transcript of the sentence hearing, nor does it contain any evidence of the appellant’s pri- or convictions admitted by the court at the sentence hearing.
The conviction in this cause is affirmed.
The case is remanded for a sentence hearing pursuant to § 13A-5-9, Code of Alabama 1975, § 13A-5-10, Code of Ala *924 bama 1975, and A.R. Crim. P. Temp. 6(b)(3), in order that evidence of the accused’s pri- or convictions will be of record, including accused’s representation by counsel or waiver of counsel at the time of the prior convictions.
The foregoing opinion was prepared by the Honorable HARDIE B. KIMBROUGH, Presiding Circuit Judge, First Judicial Circuit, temporarily on duty on the court pursuant to § 12-2-30(b)(6), Code of Alabama 1975; his opinion is hereby adopted as that of the court.
AFFIRMED; REMANDED FOR PROPER SENTENCING.
All the Judges concur.