UNITED STATES of America, Plaintiff,

v.

Burton L. SINAGUB, Defendant.

No. 78–CR–38.

United States District Court,
W. D. Wisconsin.

March 29, 1979.

Frank M. Tuerkheimer, U. S. Atty. by John A. Franke, Asst. U. S. Atty., Madison, Wis., for plaintiff.

G. Brockett Irwin, Longview, Tex., for defendant.

## OPINION AND ORDER

JAMES E. DOYLE, Chief Judge.

Defendant has moved for an order vacating the adjudication of guilt based upon his guilty plea, and setting aside the guilty plea. The contention is that in taking the guilty pleas to two counts on November 9, 1978, the court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure in three respects, and that failure to comply with the letter of Rule 11 in any respect requires the granting of a motion to vacate.

### I.

■ Rule 11(c)(3) provides that among the matters of which the court must inform the defendant personally, and which the court must determine that the defendant understands, is the following: "that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and *at that trial has the right to the assistance of counsel* [emphasis added] . . . ." At the time the guilty pleas were taken in this case, the defendant was accompanied by the attorney, James Youngerman, whom he had retained and who had represented him during the entire pendency of this case. I informed the defendant that if there were to be a trial, then "with Mr. Youngerman's help," he would be entitled to cross-examine the government's witnesses, he would be entitled to testify himself if he wished to testify but that he would be under no obligation to testify, and he would have the opportunity to present the testimony of witnesses and other evidence that he might have in his defense. I consider that my statement was adequate to inform the defendant that at trial he had the right to assistance of counsel.

### II.

■ Rule 11(c)(1) provides that among the matters of which the defendant must be informed by the judge, and which the judge must determine that the defendant understands, is the following: "the maximum possible penalty provided by law. . . ." In the present case, I informed the defendant accurately that he could be imprisoned for as much as five years on each of the two counts to which he pleaded guilty. I also informed him that as to each count, in addition to the sentence of imprisonment, he could be fined as much as $5,000. The correct information was that he could be fined as much as $1,000 on each count. At the time of sentencing, I imposed a sentence of imprisonment upon the defendant but no fine. Thus, the question is not one of a total failure to inform a defendant of the maximum possible penalty provided by law, but rather a question of informing him incorrectly in part by overstating the maximum possible fine. Conceivably, there could be a case in which an exaggeration of the maximum possible penalty, as contrasted with an understatement, would constitute a violation of Rule 11(c)(1). I do not consider this such a case.

### III.

Rule 11(c)(5) provides:

"(c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

"   .   .   .

"(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement."

At no time during the course of this case was the defendant informed that if he were to answer under oath, on the record, and in the presence of counsel, questions which might be put to him about the offense or offenses, his answers might later be used against him in any way. Defendant's third contention is that the failure so to inform him was a violation of Rule 11 and that the guilty pleas must be set aside, despite the fact that no oath was ever administered to him.

The question is whether Rule 11 should be construed to require the judge to give the advice described in (c)(5), even when the judge decides that no oath is to be administered to the defendant at any point in the arraignment hearing, and none is in fact administered.[1] But before that question is addressed directly, it is necessary to deal with two preliminary points arising from ambiguity in Rule 11.

One ambiguity suggests this possible construction of (c)(5): (a) the defendant must be informed that the court may ask him or her questions about the offense; (b) the defendant must be informed that if he or she answers under oath any questions about

the offense put to him or her by the court, the answers may later be used against him or her; and (c) that requirement (a) is independent of requirement (b). That is, (c)(5) might possibly be viewed as a complete requirement if it read:

"Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

"   .   .   .

"(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded.   .   .   ."

Conceivably, Congress might have desired that, solely to put a defendant more at ease, there should be described to him or her at one stage of an arraignment hearing something the judge intends to do at a later stage. There may be some merit to such a thought, but it is unlikely that Congress intended to enshrine it in a rule of procedure. Had Congress so intended, it seems probable that the required preview would have been more complete than a preview of only one of the stages to come. Conceivably, also, Congress might have intended the preview as a *warning* of consequences which might flow from unsworn statements by a defendant in response to questions to be asked by the court about the offense. But it is highly unlikely that Congress would have chosen so oblique a warning, rather than an explicit description of the consequences of the unsworn answers.

Fortunately, the scheme of the entire rule and the content of a report by the Committee on the Judiciary of the House of Representatives resolve the first ambiguity quite definitely.

Section (e) of Rule 11 deals with plea agreement procedure. In the context of discussions in court concerning plea agreements, subsection (6) of 11(e) protects a

---

1. Rule 11(c)(5) includes the language: "if he answers these questions under oath, on the record, in the presence of counsel   .   .   ." In the present case, the entire arraignment hearing was on the record and defendant's counsel was present throughout. No oath was administered. For brevity, in this opinion I will be referring hereafter only to the matter of an oath, except when fuller quotations from (c)(5) are set forth.

defendant by making inadmissible in any civil or criminal proceeding evidence of a withdrawn plea of guilty, evidence of a plea of nolo contendere, evidence of an offer of such plea, and evidence of statements made in connection with and relevant to any such plea or offer. However, included in subsection (e)(6) is a major exception to that protection. In a subsequent criminal proceeding for perjury or false statement, there is to be admissible, evidence of a statement made in connection with and relevant to such a plea or offer, provided that the statement was made by the defendant under oath, on the record, and in the presence of counsel. See also Rule 410, Federal Rules of Evidence. The Notes of the Committee on the Judiciary, House Report No. 94–247, explain that as a result of its recommendation that this exception be made to the general protection afforded by (e)(6), "the Committee thought it only fair that the defendant be warned that his plea of guilty (later withdrawn) or nolo contendere, or his offer of either plea, or his statements made in connection with such pleas or offers, could later be used against him in a perjury trial if made under oath, on the record, and in the presence of counsel." This was to be accomplished by adding subsection (5) to section (c).

■ I conclude that the sole purpose of Rule 11(c)(5) is to insure that a defendant understands the risk involved if an oath is administered to him in an arraignment proceeding. The introductory words of (c)(5) ("the court may ask him questions about the offense to which he has pleaded") are inserted only to explain to the defendant the circumstances under which he or she may have occasion to make such statements under oath. Only if and when the court is required to explain to the defendant the possible consequences of answering questions under oath is the court also required to explain that it may be asking him or her questions about the offense.

The second ambiguity in Rule 11(c)(5) which must be addressed preliminarily arises from its opening words: "that if he pleads guilty or nolo contendere . . . ."

Subparagraph (c) begins: "Before *accepting* [emphasis added] a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following: . . . ." Subparagraph (d) begins: "The court shall not *accept* [emphasis added] a plea of nolo contendere without first" making inquiries to insure that the plea is voluntary. Subparagraph (f) reads: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea."

■ To address a defendant personally and to inform him or her of matters described in (c), (d), and (f), and to determine that he or she understands, is a procedure that requires a substantial amount of time. If at an arraignment a defendant intends to enter a plea of not guilty, no purpose is served by an elaborate discussion of the importance and consequences of a plea of guilty or nolo contendere. A reasonable construction of Rule 11 is that only upon the entry of a plea of guilty or nolo contendere does the question arise whether the plea is to be accepted and, if accepted, whether judgment is to be entered upon it. Therefore, only after a plea of guilty or nolo contendere has been entered need the judge engage in the colloquy contemplated by Rule 11. See *Benchbook for United States District Judges*, Federal Judicial Center, Section 1.05 (1969). It has been the practice in this court, followed in the present case, to inquire near the outset of the hearing what the defendant's plea is. Only if the response is a plea of guilty or nolo contendere does the court commence the process of explanation and interrogation described in Rule 11.

However, each of subsections (4) and (5) of 11(c), and only subsections (4) and (5), begins with the words: "that if he pleads guilty or nolo contendere . . . ." Thus, when joined with the opening words of 11(c), subsection (4), for example, reads:

"Before *accepting* [emphasis added] a plea of guilty or nolo contendere, the

court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

"...

"(4) *that if he pleads* [emphasis added] guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial . . . ."

Taken literally, this wording of subsection (4) of 11(c) suggests that before eliciting any plea at an arraignment, the court is required to insure that a defendant understands that if he or she pleads guilty or nolo contendere, the defendant will be waiving the right to trial. Under subsection (3) of 11(c), however, there is no requirement that at this pre-plea stage, the court must insure that the defendant understands that he or she enjoys the right to a trial and, at trial, the right to the assistance of counsel, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself. It would be incongruous to require that at the pre-plea stage the court insure that the defendant understands that if he enters a plea of guilty or nolo contendere he will be waiving a right, the existence and nature of which need not be explained until after such a plea has been entered. I conclude that the insertion of the words "that if he pleads guilty or nolo contendere," as they appear in subsection (4) of 11(c), was an accident of draftsmanship which occurred in the course of Congressional rewriting of 11(c) as it had been approved by the Supreme Court. Those words are to be construed consistently with the words "Before accepting a plea of guilty or nolo contendere," as they appear in the opening language of 11(c), and consistently with the omission of the words "that if he pleads" from subsections (1), (2), and (3) of 11(c). That is, as they appear in subsection (4) of 11(c), the words "that if he pleads guilty or nolo contendere" should be construed to mean "that if his plea of guilty or nolo contendere is accepted by the court."

A similar conclusion seems even more warranted concerning the construction of the words "that if he pleads guilty or nolo contendere," as they begin subsection (5) of 11(c). A specific bit of Congressional history serves possibly to explain their appearance and inadvertent survival in subsection (5), as compared to subsection (4). Earlier in this opinion, mention has been made of the Congressional history of Rule 11(e)(6). When the House Committee proposed its exception to the protection afforded defendants by the Supreme Court's version of the Rule, it proposed that not only evidence of statements made in connection with pleas of guilty (later withdrawn) or nolo contendere, but evidence of a plea of guilty (later withdrawn) itself, or of a plea of nolo contendere itself, or of an offer of such a plea itself, if made under oath, be admissible in a subsequent proceeding for perjury or false statement. Thus, when the House Committee thought it fair to provide in 11(c)(5) that a defendant be fairly warned, it was understandable that the court should be required to advise the defendant that if under oath he were to enter such a plea, evidence of the plea itself might be used against him in a later prosecution. However, the Conference Committee decided with respect to (e)(6) that neither a plea (presumably, that is, in the case of a plea of guilty, a withdrawn plea) nor the offer of a plea ought to be admissible for any purpose, and that admissibility in a subsequent prosecution for perjury or false statement should attach only to sworn statements made in connection with, and relevant to, such pleas or offers to plead. Conference Committee Notes, House Report No. 94–414. The final version of (c)(5), in turn, refers only to the consequences of such sworn statements, rather than to the consequences of the pleas or offers to plead. I conclude that as they appear in (c)(5), the words "that if he pleads guilty or nolo contendere" should be given no more significance than that given the same words in (c)(4). That is, as they appear in (c)(5), the words should be construed to mean "that in the course of determining whether to accept the plea of guilty or nolo contendere."

■ In this extended preliminary discussion of two ambiguities in Rule 11(c)(5), I have concluded: first, that the sole purpose of the subsection is to insure that a defendant understands the risk involved if an oath is administered to him in an arraignment proceeding; and second, that even in a case in which it is necessary that the (c)(5) advice be given, it need not be given before eliciting a plea.[2]

■ I reach the ultimate question whether Rule 11 permits a judge to omit entirely the advice described in Rule 11(c)(5), unless and until the judge decides at some point in a particular arraignment hearing that an oath is to be administered to the defendant. I believe that such a construction of (c)(5) is required.

Section (c)(5) does not go to a defendant's understanding of the nature of the charge against him or her ((c)(1)). It does not go to his or her understanding of the protections available to him or her to forestall a conviction on that charge, such as the right to counsel at every stage of the proceeding ((c)(2)), the right to plead not guilty or to persist in that plea ((c)(3)), or the right to trial with the more specific rights inherent in a trial ((c)(3)). It does not go to a defendant's understanding that a plea of guilty or nolo contendere is a waiver of the right to a trial ((c)(4)). It does not go to whether his plea has been made voluntarily, free of force and threats and improper promises ((d) and (e)). It does not go to whether there is a factual basis for the plea (f). All of the matters just listed are common to all occasions on which defendants enter plea of guilty or nolo contendere. It is understandable that under Rule 11 and *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), they must all be addressed in the course of arraignment.

But subsection (5) of section (c) of Rule 11 is qualitatively distinct from the other sections of the Rule. It does not go to whether the plea is knowingly or voluntarily made, nor to whether the plea should be accepted and judgment entered. Rather, it goes to the possible consequences of an event which may or may not occur during the course of the arraignment hearing itself, namely, the administration of an oath to the defendant. Whether this event is to occur is wholly within the control of the presiding judge. If the event is not to occur, it is pointless to inform the defendant of its consequences. If a presiding judge intends that an oath not be administered to a defendant during an arraignment hearing, but alters that intention at some point, only then would the need arise to inform the defendant of the possible consequences of the administration of the oath.

If Rule 11(c)(5) is so construed, there is no need for further discussion in the present case. Counsel have cited cases in which there has been a failure to comply with some requirement of Rule 11, and the question has arisen whether the particular failure compels vacating the adjudication of guilt and setting aside the plea. Certain courts have taken a rather severe view, emphasizing the prophylactic function of Rule 11 as enunciated in *McCarthy v. United States, supra. See, e. g., United States v. Journet,* 544 F.2d 633 (2d Cir. 1976); *United States v. Boone,* 543 F.2d 1090 (4th Cir. 1976); and *United States v. Hart,* 566 F.2d 977 (5th Cir. 1978). In my view these and other similar decisions are inapposite. They would be in point if Rule 11(c) were to be construed to require that before a plea of guilty or nolo contendere is accepted in any case, the advice contained in subsection (5) be given, and if in a case in which no oath was administered, the court had omitted the advice. The question would arise then whether the failure to comply with the Rule, so construed, in the absence of any possible adverse consequences to the defendant, requires that the defendant be excused from the plea and that the adjudication of guilt be vacated. But if the Rule is

---

**2.** If an oath is administered to a defendant at the outset of an arraignment and before he or she is asked to plead, it is probable, however, that the (c)(5) advice should be given before inquiring what the defendant's plea is, for fear that he or she may not only plead but add some spontaneous statement in connection with and relevant to the plea.

construed so as not to require the court to give the advice described in (c)(5) unless and until he or she decides in a particular case that an oath is to be administered, no violation of the Rule can occur when no oath is administered, and the need to determine the appropriate consequence of a violation is never reached.

I conclude that in the present case, Rule 11(c)(5) did not require that the advice described in that subsection be given to defendant at any stage of the November 5, 1978, arraignment hearing.

### Order

Upon the basis of the entire record in this case, defendant's motion to vacate the adjudication of guilt and to set aside the pleas of guilty is denied.