On August 31, 1981, appellant entered guilty pleas to the following three offenses: theft of property in the second degree; possession of controlled substances, and theft of property in the first degree. He was sentenced to fifteen, five, and fifteen years, respectively, with the three sentences to be served concurrently.
For the first offense appellant was advised by the trial court that the range of punishment "under the Habitual Offender Act" was fifteen years to life. Appellant answered "yes" to the trial judge's question regarding whether he understood he was accused "as an habitual offender." For the remaining two offenses appellant was not informed at all of the minimum and maximum punishments possible.
The State offered no proof of any prior convictions. On appeal, the State argues that appellant's affirmative answer to the court's question whether he understood he could be sentenced as an habitual offender was a waiver of proof of prior felonies.
In our judgment, no waiver can be inferred under these facts. An accused must be informed of the correct minimum and maximum sentences as an absolute constitutional prerequisite to acceptance of a guilty plea. Carter v. State, 291 Ala. 83,277 So.2d 896 (1973); Moore v. State, 54 Ala. App. 463,309 So.2d 500 (1975).
From the record before us, we are unable to determine how many, if any, prior felony convictions appellant may have had. Thus, it is impossible to decide whether, on the first plea, the trial court's information regarding the minimum and maximum punishment "under the Habitual Offender Act" was correct. Additionally, on the last two pleas, there was no recitation of the punishment range for the offenses.
Unless an accused actually admits his prior convictions, seeMiliner v. State, 414 So.2d 133, Ala.Cr.App., (1981), the State must prove his record in order to trigger the operation of the habitual offender sentencing provisions. See also Donahay v.State, 287 Ala. 716, 255 So.2d 599 (1971).
The judgments of conviction are reversed and the causes remanded to the Etowah Circuit Court.
REVERSED AND REMANDED.
All the Judges concur. *Page 329