The defendant pled guilty to an indictment charging escape in the first degree under Alabama Code 1975, Section 13A-10-31. He was sentenced as an habitual offender to life imprisonment.
The defendant alleges that his guilty plea was involuntary because it was induced by an "informal agreement" with the district attorney not to invoke the Habitual Felony Offender Statute. Alabama Code 1975, Section 13A-5-9.
Before accepting the defendant's guilty plea, the trial judge inquired if there was any sentencing agreement. On two separate occasions, the assistant district attorney specifically denied the existence of any sentencing agreement. The defendant specifically denied that anyone had told him he would receive a lighter sentence or a particular sentence if he pled guilty.
After the plea was accepted, sentencing was continued until a pre-sentence report could be obtained. On the date set for sentencing, defense counsel moved "that the guilty plea be withdrawn on the basis of inducement. There was an agreement worked out with the district attorney's office."
At a hearing on the motion to withdraw the guilty plea, defense counsel testified that assistant district attorney Jim Traeger told the defendant that if he cooperated in the investigation of two other named individuals and if this investigation resulted in an indictment of those individuals, the habitual offender statute would not be invoked. "Mr. Traeger also said that there are no promises, that he had to get an indictment."
Mr. Traeger's testimony was that after the investigation no indictment was returned against the two other individuals.
The defendant testified that he pled guilty because Traeger promised him that he would get two to twenty years if he could get the two other individuals "indicted": "that was my understanding, that you know, once I signed the paper, that I would get two to 20."
The assistant district attorney's offer to the defendant violates our holding in Miliner v. State, 414 So.2d 133
(Ala.Cr.App. 1981), cert. quashed (Ala. 1982). A plea bargain agreement cannot circumvent the provisions of the Habitual Felony Offender Statute. Miliner, 414 So.2d at 135.
 "It is our judgment, moreover, that whenever the district attorney has knowledge of a defendant's prior convictions, he must, as an officer of the court, `show' those convictions to the court, so that the trial judge can sentence the accused in accordance with the clear mandate of the recidivist statute. In other words, we do not believe the prosecution has any discretion *Page 948 
about whether or not to `show' the prior convictions; if he is aware of the accused's record he must apprise the court of that fact."
Miliner, 414 So.2d at 135.
Before his guilty plea was accepted, the defendant was only advised that the minimum and maximum possible sentence for his offense was from two to twenty years. However, at the time of the escape the defendant was serving a 40 year sentence for robbery. Escape in the first degree is a Class B felony. Section 13A-10-31 (b). Therefore, under the Habitual Felony Offender Statute, the defendant would have to be punished for a Class A felony. Section 13A-5-9 (a)(2). The sentence for a Class A felony is imprisonment for life or not more than 99 years or less than 10 years. Section 13A-5-6 (a)(1). Consequently, the defendant was improperly informed of the possible range of punishment for the charged offense.
Since an accused must be informed of the minimum and maximum possible sentence for his offense as an absolute constitutional prerequisite to acceptance of the guilty plea, Miliner, 414 So.2d at 134, the judgment of the circuit court is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.