Edward Lee Minnifield was convicted for the robbery of the Big M Market in Birmingham, Alabama. He was sentenced, pursuant to Alabama's Habitual Felony Offender Act, to life imprisonment without parole.
On August 12, 1980, James Earl Franks and another man robbed the Big M Market. During the robbery, the other robber shot Paul Maniscalco, the owner and operator of the store, in the stomach, while Franks held Maniscalco's son, Sam, on the floor at gunpoint. The two men fled the scene with about $3,000 that they had taken from the store's cash register.
 I
The appellant concedes the fact that Franks and another man robbed the Big M Market and that the other man shot Paul Maniscalco in the stomach during the robbery. However, he insists that he was not the "other" robber. He presented an alibi defense at trial and contends on appeal that, in light of this defense and certain inconsistencies in the state's case, the evidence was insufficient to support the jury's conclusion that he was the second robber. We disagree.
Appellant's argument on appeal is, in effect, a complaint that the jury improperly determined the weight and credibility of certain witnesses. The only issue for the jury was the identification of the appellant as one of the robbers. Paul Maniscalco, who was for several minutes face to face with the robber who eventually shot him in the stomach, made positive and unequivocal identifications of the appellant, a man he recognized from appellant's previous visit to the store several years before, during a photographic line-up and, subsequently, from the witness stand at trial. Appellant's alibi witness, James Earl Franks, who had already been convicted for the same robbery, testified that another man, not the appellant, was the second robber during the Big M Market robbery. This obvious conflict presented a jury question, which "was peculiarly within the province of the jury to resolve." Garrison v. State,416 So.2d 793 (Ala.Cr.App. 1982), and cases therein cited; seealso, Zimmerman v. State, 49 Ala. App. 442, 272 So.2d 914
(1973); May v. State, 335 So.2d 242 (Ala.Cr.App. 1976). The jury's resolution of this conflict against the appellant and its corresponding guilty verdict will not be disturbed on this appeal.
 II
Appellant's arguments concerning the application of Alabama's Habitual Felony Offender Act are without merit. Prior felony convictions acquired before the effective date of the new Alabama Criminal Code are to be considered as prior felonies under the Habitual Felony Offender Act. Davis v. State,401 So.2d 218 (Ala.Cr.App. 1981), cert. denied, 401 So.2d 221 (Ala. 1981); Lidge v. State, 419 So.2d 610 (Ala.Cr.App. 1982), cert.denied, 419 So.2d 616 (Ala. 1982). Prior felony convictions resulting from allegedly involuntary guilty pleas should be attacked in a petition for error coram nobis rather than by collateral attack in a habitual offender setting on appeal from a subsequent conviction. Jones v. State, 431 So.2d 1367
(Ala.Cr.App. 1983); Scott v. State, [Ms. 1 Div. 535, July 5, 1983] (Ala.Cr.App. 1983). Furthermore, a trial court is not required, before accepting a guilty plea, to inform the accused that a conviction based upon his guilty plea might be used at some future date to enhance punishment for some hypothetical future crime. Wright v. United States, 624 F.2d 557, 561 (5th Cir. 1980); Zambuto v. State, 413 So.2d 461 (Fla.Dist.Ct.App. 1982); Smithwick v. State, 636 S.W.2d 557 (Tex.Ct.App. 1982);McMillan v. Williams, *Page 192 116 Misc.2d 171, 455 N.Y.S.2d 523 (1982); State v. Mace,97 Wn.2d 840, 650 P.2d 217 (1982). An accused is entitled to information concerning the direct consequences of his plea. He is not entitled to information concerning all collateral effects, or future contingencies that might arise. The possible enhancement of punishment for a future crime is not a direct consequence of a plea of guilty.
In Miliner v. State, 414 So.2d 133 (Ala.Cr.App. 1981), andHall v. State, 418 So.2d 946 (Ala.Cr.App. 1982), the defendants already had prior convictions which made them subject to the "enhancement of punishment" provisions of the Habitual Felony Offender Act. The trial court in each instance failed to inform the defendant that a plea of guilty and a conviction based thereon would automatically trigger the enhancement provisions of the Habitual Felony Offender Act, because of the evidence of prior felony convictions. In effect, the trial court failed to properly inform the defendant of the enhanced, minimum and maximum punishment he might receive for the offense charged, the triggering offense. This failure in Miliner and Hall was a failure to inform the defendant of a direct consequence of his guilty plea and the convictions were, accordingly, reversed.Miliner and Hall, are therefore, not controlling here.
 III
In a "pro se" brief, which was submitted by the appellant in addition to the brief submitted by his appointed attorney, the appellant makes several arguments which are well stated but not supported in the record. The major emphasis in his own brief is appellant's contention that he was denied effective assistance of counsel at trial. (His trial counsel also represents him on this appeal.)
We have reviewed the entire record in light of the accusations the appellant has made on appeal and have determined that he was not denied the effective assistance of counsel at trial.
The applicable standards for assessing the competency of a defendant's trial counsel are well settled and well articulated in other opinions of this court. See, for example, Bridges v.State, 391 So.2d 1086 (Ala.Cr.App. 1980); McKinnis v. State,392 So.2d 1266 (Ala.Cr.App. 1980), cert. denied, 392 So.2d 1270
(Ala. 1981); Graham v. State, 403 So.2d 275 (Ala.Cr.App. 1980),cert. denied, 403 So.2d 286 (Ala. 1981). In light of these standards, it appears from the record that the appellant was well represented at trial. He was represented by an experienced criminal attorney who earnestly and zealously defended him. Appellant's trial counsel made numerous objections to the state's evidence, thoroughly cross-examined the state's identification witnesses, and presented an adequate alibi defense which, if believed by the jurors, would have exhonerated the appellant. See, Bonner v. State, 389 So.2d 174
(Ala.Cr.App. 1980).
The failure to object to the victim's in-court identification on the ground that it was tainted by an improper photographic line-up was not a mistake, because there was nothing irregular or illegal to support such an objection. The failure to request a specific jury instruction on mis-identification by the victim was not prejudicial to the appellant. See, McKinnis v. State, supra. The only issue in the case was the identity of the appellant and it was properly emphasized during the trial, and in the trial court's oral instructions concerning the credibility of the witnesses who gave conflicting testimony on appellant's identity. Finally, the record does not reveal any prejudice to the appellant from his counsel's refusal to call other alibi witnesses in addition to James Earl Franks. This decision was a matter of trial strategy which, "in the absence of a clear showing of improper or inadequate representation, will be left to the judgment of trial counsel." Bridges v.State, supra, and cases therein cited.
For the reasons stated above, appellant's conviction and sentence are, hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 193