ON REHEARING
The opinion in this case originally issued on January 31, 1984, is withdrawn and this opinion is issued in its place.
Appellant James Franklin Pratte was indicted twice for the unlawful sale of marijuana by the Madison County Grand Jury. In addition, he was indicted for the sale of cocaine; for the sale of lysergic acid diethylamide (LSD); and for possession of methaqualone. Appellant entered a plea of guilty to each charge.
After sentencing hearing, appellant was given the following sentence: four years' imprisonment and a fine of $500 for his sale of marijuana; four years' imprisonment and a fine of $500 for another sale of marijuana; seven years' imprisonment and a fine of $1,000 for sale of cocaine; five years' imprisonment and a $500 fine for possession of methaqualone; and 12 years' imprisonment and a $3,000 fine for sale of LSD. All sentences were designated to run consecutively and not concurrently. Appellant then moved to reduce sentence, claiming that his pleas were entered pursuant to a negotiated plea agreement which was not followed by the trial court. He also moved to withdraw his guilty plea and for a new trial based on the same assertion. He gave notice to appeal after the trial court did not rule on his motions.
 I
Appellant contends that he was not properly advised of the maximum and minimum penalties under sections 20-2-70 and20-2-76, Code of Alabama 1975.
The pertinent parts of those sections read as follows:
 "Except as authorized by this chapter, any person who possesses, sells, furnishes, gives away, obtains or attempts to obtain by fraud, deceit, misrepresentation or subterfuge or by the forgery or alteration of a prescription or written order or by the concealment of material fact or by use of false name or giving a false address controlled substances enumerated in schedules I, II, III, IV and V is guilty of a felony and, upon conviction, for the first offense may be imprisoned for not less than two nor more than 15 years and in addition, may be fined not more than $25,000.00.
". . . .
 "Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized or both."
At the hearing, the court advised the appellant of the minimum and maximum punishments as follows:
 "THE COURT: It's my impression that the punishment range is accelerated from four years to 30 years, and I think he ought to be aware of that. *Page 504 
"MR. CONWELL: Well, he understands that.
 "THE COURT: Well, then, that's my understanding, and that's the understanding we are going to proceed on.
". . . .
 "THE COURT: Five offenses. That would give him a potential of 120 plus 15 — 135 years.
". . . .
"THE COURT: So he needs to be aware of that.
"MR. CONWELL: He's aware of it, Your Honor."
It is apparent from this exchange that appellant was incorrectly informed of his possible minimum period of imprisonment. Under the code sections quoted above, appellant could have received a possible minimum sentence of two years rather than the four years indicated by the trial court. Our Supreme Court has stated that ". . . the defendant must be informed of maximum and minimum possible sentences as an absolute constitutional prerequisite to acceptance of a guilty plea." Carter v. State, 291 Ala. 83, 277 So.2d 896 (1973). In the case of Hall v. State, 418 So.2d 946 (Ala.Cr.App. 1982), this court stated:
 ". . . the defendant was improperly informed of the possible range of punishment for the charged offense.
 "Since an accused must be informed of the minimum and maximum possible sentence for his offense as an absolute constitutional prerequisite to acceptance of the guilty plea, Miliner [v. State] 414 So.2d [133], at 134 [Ala.Cr.App. 1981], the judgment of the circuit court is reversed and the cause remanded."
Since knowledge of the range of possible penalties plays an important part in an accused's decision whether or not to plead guilty, the maximum and minimum sentences should be stated with reasonable precision. Thus, this case is due to be reversed and remanded on the authority of Hall, supra.
 II
Appellant contends that subsequent proceedings in this case should take place before a different judge. We are familiar with the decision in Santobello v. New York, 404 U.S. 257,92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). We find that the trial judge already handling this case has been fairminded and evenhanded.
In light of the required reversal and remandment, we will not address issues regarding plea bargaining in the case to this point.
REHEARING GRANTED;
REVERSED AND REMANDED.
All the Judges concur.