Appellant Jeffrey A. Abbott was indicted on February 10, 1984, by the Mobile County Grand Jury and charged by two indictments for: (1) burglary in the first degree, pursuant to § 13A-7-5, Code of Alabama 1975, and (2) theft of property in the first degree, pursuant to § 13A-8-3, Code of Alabama 1975. Subsequently the indictments were amended, at the request of the State, on April 9, 1984, to charge appellant with: (1) burglary in the third degree, pursuant to § 13A-7-7, Code of Alabama 1975, and (2) theft of property in the second degree, pursuant to § 13A-8-4, Code of Alabama 1975.
On April 9, 1984, appellant pleaded guilty to the indictments as amended and, upon these pleas of guilty, he was sentenced to nine years in the penitentiary for each offense, the sentences to run concurrently. Appellant filed a notice of appeal on May 18, 1984, and counsel was appointed to represent him.
Appellant's appointed appellate attorney has filed an Andersv. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967) brief, contending that neither error harmful to appellant nor any error which counsel could advance in good faith and conscience is present in the record. We disagree.
The record reflects that the trial judge sentenced appellant as a habitual offender, pursuant to § 13A-5-9, Code of Alabama 1975. The judge informed the appellant that the maximum and minimum sentences that could be imposed would be "not less than two years nor more than ten years' imprisonment in the state penitentiary" for each offense charged.
 I
Burglary in the third degree and theft of property in the second degree are both Class C felonies, which carry a sentence of "not more than 10 years or less than 1 year and 1 day". Code of Alabama 1975, § 13A-5-6. If the habitual felony offender statute is applicable, then "on conviction of a Class C felony, he must be punished for a Class B felony". Code of Alabama 1975, § 13A-5-9. A Class B felony is punishable by "not more than 20 years or less than 2 years". Code of Alabama 1975, §13A-5-6.
It is apparent that the trial judge did not properly apprise appellant of the permissible range of punishment which could result from his plea of guilty, regardless of whether appellant was being sentenced as a habitual offender or as a first offender.
In Miliner v. State, 414 So.2d 133, 134 (Ala.Crim.App. 1981), this court stated: "[A]n accused must be informed of the minimum and maximum possible sentence for his offense as an absolute constitutional prerequisite to acceptance of a guilty plea". See also Carter v. State, 291 Ala. 83, 277 So.2d 896
(1973); Pratte v. State, 448 So.2d 502 (Ala.Crim.App. 1984);McGhee v. State, 412 So.2d 327 (Ala.Crim.App. 1982) and cases cited therein. In Miliner, the court informed the defendant that robbery in the third degree "would subject [him] to punishment of not less than 15 or up to life imprisonment". This court held that the defendant should have been told the minimum would have been 15 years and the maximum was "properly life imprisonment, or a term not exceeding 99 years." Id. at 135.
In the case at bar, the trial court should have informed the appellant that the proper sentence he was subject to under the habitual felony offender statute was not more than twenty years nor less than two years. If appellant was not to be sentenced as a habitual offender, the court should have informed appellant that the sentence he was subject to would be not more than 10 years nor less than one year and one day.
 II
As previously noted, the record reflects that appellant was sentenced in accordance *Page 997 
with the Alabama Habitual Felony Offenders Act, § 13A-5-9, Code of Alabama 1975. The State offered no proof of prior convictions, nor does it appear from the record that appellant admitted any prior convictions. In this regard, the record discloses the following colloquy between the trial court and the State's attorney:
"THE COURT: What did y'all agree?
 "MS. BEDWELL: Judge, he has one conviction from another state, so he's a habitual offender. The minimum would be two, and the maximum would be twenty; and Mr. Copeland has recommended nine years to serve in each case and that the sentences run concurrent. And I would add for the record that there is restitution due in the theft case in the amount of $1,436 for the damage done to the vehicle.
 "THE COURT: You understand that? You discussed it with — $1,450?
"MS. BEDWELL: Four hundred and thirty-six.
"THE COURT: Four hundred and thirty-two."
The court then sentenced appellant as recommended.
"Unless an accused actually admits his prior conviction . . . . the State must prove his record in order to trigger the operation of the habitual offender sentencing provisions."McGhee at 328. "A proper way to prove a prior conviction of a felony is by introducing a certified copy of the minute entry, showing a valid prior conviction of the defendant of a felony, or by the admission of the defendant." Thomas v. State,435 So.2d 1319 (Ala.Crim.App.), reversed on other grounds, Ex parteThomas, 435 So.2d 1324 (Ala.), on remand, Thomas v. State,435 So.2d 1326 (Ala.Crim.App. 1982), appeal after remand,435 So.2d 1327 (Ala.Crim.App. 1983).
We, therefore, reverse and remand this cause to the trial court due to the failure of the trial judge to properly advise appellant of the minimum and maximum sentences he could receive for the offenses charged and the failure of the record to disclose sufficient proof of prior felony convictions.
REVERSED AND REMANDED.
TYSON, HARRIS and TAYLOR, JJ., concur.
BOWEN, J., concurs in result only.