TAYLOR, Presiding Judge.
The appellant, Aaron M. Lasner, pleaded guilty to possession of marijuana in the first degree, a violation of § 13A-12-213, Code of Alabama 1975, a Class C felony. He was sentenced to four years in the state penitentiary upon application of the Habitual Felony Offender Act. The appellant was ordered to pay a $500 fine and to pay $100 to the victims compensation fund.
The appellant’s only contention on appeal is that his guilty plea was not entered knowingly and voluntarily. Specifically, he argues that the trial court did not inform him that his sentence would be enhanced by the Habitual Felony Offender Act or of the possible range of his fine before he entered his guilty plea.
*1005 In support of his argument, the appellant cites the Alabama Supreme Court’s ruling in Ex parte Rivers, 597 So.2d 1308 (Ala.1991), which states, in pertinent part:
“The State contends, and the Court of Criminal Appeals agreed, that Rivers failed to preserve the issue of ineffective assistance of counsel and the illegality of his sentencing for appeal by failing to raise it at trial. We disagree. This Court has said:
“ ‘[W]hen a sentence is clearly illegal or is clearly not authorized by statute, the defendant does not need to object at the trial level in order to preserve that issue for appellate review. See Bartone v. United States, 375 U.S. 52, 84 S.Ct. 21, 11 L.Ed.2d 11 (1963). Indeed, the illegality of a defendant’s sentence is a ground specified in Rule 20, Ala. R.Crim.P. [Temp.], for a collateral post-conviction remedy.’ ”
597 So.2d at 1310; see also Cantu v. State, 660 So.2d 1026 (Ala.1994).
At the outset, we must determine whether this issue was preserved for appellate review. The appellant failed to file a motion for new trial or a motion to withdraw his plea, or to object at any time during the plea proceeding or the sentencing hearing. We rely on the Alabama Supreme Court’s holding in Stinson v. State, 669 So.2d 1010 (Ala.1995), in which the Court stated “that the trial court is always to be given the first opportunity to rectify any error it may have made concerning sentencing.” The Stinson Court stated:
“Pursuant to Cantu, the defendant may either (1) make a motion before the trial court to withdraw a guilty plea or (2) file a Rule 32 petition before the trial court. Through either avenue, the trial court must first be given the opportunity to address this issue.”
669 So.2d at 1011. There has been much confusion concerning the present law relating to the right of a defendant to question the voluntariness of a plea of guilty. The record indicates that the appellant failed to raise this issue before the trial court.
The appellant urges this court to follow the Alabama Supreme Court’s holding in Rivers and hold that this issue, although not the subject of an objection at trial level, was preserved for purposes of review to this court. Stinson was decided after Rivers. Thus, the Alabama Supreme Court’s decision in Stinson is the controlling authority. § 12-22-132, Code of Alabama 1975. However, even had this issue been preserved for appellate review, it would still be determined adversely to the appellant.
A copy of the colloquy between the trial court and the appellant was included in the record. The colloquy reflects that the appellant was advised of the minimum and maximum sentence and the possible range for any fine he could receive if found guilty of a Class C felony. Defense counsel informed the trial court, before the court accepted his plea, that the appellant had a prior felony conviction. The following excerpt from the transcript shows that portion of the colloquy concerning the maximum and minimum sentences the appellant could receive if sentenced as an habitual felony offender with one conviction:
“THE COURT: Then the Habitual Offender would apply, would it not?
“STATE: Yes, sir.
“THE COURT: Okay. I will go back and read—
“APPELLANT: Okay.
“THE COURT: You understand that possession of marijuana is a Class C felony, and you understand the range of punishments that you could receive for a Class C felony?
“APPELLANT: Yes, sir, I do.
“THE COURT: However, your lawyer has indicated that there is a prior — that prior to committing this offense, you had at least one prior felony conviction. Did you understand that?
“APPELLANT: Yes, sir.
“THE COURT: And it’s so noted in the file that’s been filed here by the State by Mr. Butch Binford. He filed this on February 29, 1996, that you had a possession of marijuana, first degree conviction in Houston County Circuit Court on July 28, 1988. Did you understand that?
*1006 “APPELLANT: Yes, sir.
“THE COURT: All right. Therefore, the range of punishments upon your plea of guilty or upon you being found guilty by a jury would be as a Class B felony. And a Class B felony carries with it a sentence of not less that two nor more than twenty years, as well as a fíne and the victim’s comp, payment that I have just told you about.
“APPELLANT: Yes, sir.
“THE COURT: So you understand the range of punishment that you could receive now?
“APPELLANT: Yes, sir, I do.”
The above colloquy shows that the appellant was informed of the correct minimum and maximum sentence.
The appellant also contends that the trial court failed to expressly state the possible range of any fine he could be required to pay for a Class B conviction. After a thorough search, we find no cases subsequent to Rivers and Cantu that have addressed the issue of minimum and maximum fine ranges. Even the Alabama Rules of Criminal Procedure fail to specifically address this situation. Rule 14.4(a), Ala.R.Crim.P, which governs the acceptance of a guilty plea, states as follows:
“(a) Colloquy with Defendant. In all minor misdemeanor eases, the execution of a form similar to Form 68 will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
“(i) The nature of the charge and the material elements of the offense to which the plea is offered;
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
“(iii) If applicable, the fact that the sentence may run consecutively with another sentence or sentences;
“(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty; “(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her behalf;
“(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in defendant’s presence, the right to testify and present evidence and witnesses on the defendant’s own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses; and
“(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of defendant’s guilt....”
Rule 14.4 does not state that the trial court must address during the colloquy the minimum and maximum range of any fine that may be imposed. Therefore, our analysis of this issue is governed by cases that involve analogous fact situations.
The record reflects that the appellant signed a guilty plea form. This form, referred to as an Ireland form, Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971), advised the appellant of the possible fine that would be due to be paid for both a Class B and Class C felony. The trial court ascertained during the colloquy that the appellant had read and that he understood the guilty plea form. The record indicates that the appellant clearly understood his rights and *1007 that he made no attempt to withdraw his plea of guilty. In Humber v. State, 481 So.2d 452 (Ala.Cr.App.1985), this court stated:
“ ‘The record must affirmatively show the colloquy between the court and the defendant wherein the defendant is shown to have full understanding of what the plea of guilty connotes and its consequences.’ Walcott v. State, 48 Ala.App. 754, 263 So.2d 177 (Ala.Cr.App.), 288 Ala. 546, 547, 263 So.2d 178 (Ala.1972). This colloquy may be supplemented, however, by a validly executed Ireland form if the trial court ascertains, on the record, that the accused has read and understood the rights enumerated in that form. Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974); Cashin v. State, 428 So.2d 179 (Ala.Cr.App.1982); McNalley v. State, 468 So.2d 209 (Ala.Cr. App.1985).”
481 So.2d at 454 (footnote omitted).
In Lewis v. State, 479 So.2d 1356 (Ala.Cr. App.1985), this court addressed the question whether a trial court is required to advise a defendant concerning the possible imposition of a fine. The Lewis court stated:
“It is apparent, therefore, that any accused person who enters a guilty plea, even to the merest ‘violation,’ not amounting to a misdemeanor, all the way upscale to a capital offense faces the possibility of the imposition of a fine and of a requirement of restitution or reparation.
“We held in Knight v. State, 55 Ala.App. [565], 317 So.2d 532 (1975), that if a defendant was improperly advised in pleading guilty as to his range of punishment, then the defendant’s guilty plea was involuntary. It was held in Tucker v. United States, 409 F.2d 1291, appeal after remand, United States v. Woodall, 438 F.2d 1317, cert. denied, 403 U.S. 933, 91 S.Ct. 2262, 29 L.Ed.2d 712 (1971), that a guilty plea is invalid if the defendant did not know the maximum possible penalty for the offense. It has been held in Davis v. State, 348 So.2d 844 (Ala.Cr.App.), cert. denied, 348 So.2d 847 (Ala.1977), that in a guilty plea proceeding, the judge should undertake a factual inquiry to determine if the plea is voluntarily made with understanding of the nature of the charge and of the consequences of the plea.
[[Image here]]
“In United States v. Sinagub, 468 F.Supp. 353 (W.D.Wisc.1979), court noted that it had inaccurately informed the defendant that, as to each count of the indictment, in addition to the sentence of imprisonment, he could be fined as much as $5,000 rather than the correct amount of $1,000. The court held that this omission did not constitute a violation of the rule that requires that a defendant be informed of the maximum possible penalty provided by law, where a sentence of imprisonment was imposed, but no fine was imposed. This case was later affirmed by the United States Court of Appeals for the Seventh circuit and certiorari was denied by the United States Supreme court at 444 U.S. 942, 100 S.Ct 298, 62 L.Ed.2d 309 (1979). Courts have held to the contrary, however, in Commonwealth v. Casner, 315 Pa.Super. 12, 461 A.2d 324 (1983); Commonwealth v. Weiss, 289 Pa.Super. 1, 432 A.2d 1020 (1981).
[[Image here]]
“... [T]he court which accepts a guilty plea is not obliged to inform the accused of a potential fine, which may be a direct consequence of that plea, unless the court intends to levy a fine.
“We refuse to establish a rule that requires a judge to conduct every prospective guilty pleader on a guided tour through the criminal procedure sections of the Code of Alabama. The court in this case did not err to reversal in failing to advise the appellant that she also faced a possible fine as a consequence of her plea of guilty to the charge of selling a controlled substance, when, in fact, no fine was levied.”
479 So.2d at 1358-61. Here, the trial court did levy a fine; however, the fine was nominal and fell well within the ranges set forth by statute for both Class B and Class C convictions.
This Court addressed an issue similar to the one in this case in Alford v. State, 651 So.2d 1109 (Ala.Cr.App.1994). In Alford, this court held as follows:
*1008 “We find without merit the appellant’s contention that his guilty plea was not entered knowingly and voluntarily because, he says, he was not informed of the potential range of the restitution amount. Although the plea agreement mentioned only that he would be required to pay restitution and did not contain an estimate or provide the possible range of restitution and although the trial court did not mention restitution in its colloquy with the appellant at the time his plea was accepted, restitution was addressed in the explanation of rights form. The ‘Explanation of Rights and Plea of Guilty5 form, which is in the record, states: “You will also be assessed court costs and may be ordered to pay restitution in an amount determined by the court.’ From the record before us, it is clear that the appellant was aware when he entered his plea that he would be required to pay restitution, although the amount had not been determined at that time. He was fully aware of the consequences of his plea when it was entered. He was not misled in any way. There is no constitutional requirement that an accused be informed of every consequence of his guilty plea before the plea will be considered intelligently entered. See, e.g., Sheehan v. State, 411 So.2d 824 (Ala.Cr.App.1981).”
651 So.2d at 1113.
The trial court did not err by failing to orally inform the appellant of the maximum fine when the record reflects that the appellant was informed of the possible fine range when he signed the Ireland form. The record clearly indicates that the appellant’s guilty plea was entered knowingly and voluntarily.
For the foregoing reasons, the judgment is due to be, and is hereby, affirmed.
AFFIRMED.
All the Judges concur.